THAUT v FINLEY (ON REHEARING)

1. STATUTES—VIOLATION—NEGLIGENCE PER SE—CIVIL LIABILITY.

A violation of a statute in Michigan is negligence per se if the statute was intended to protect a class of persons from the type of harm which resulted from its violation; this is so even though the statute does not contain a provision respecting civil liability.

2. INTOXICATING LIQUORS—FURNISHING ALCOHOLIC BEVERAGES—MINORS—STATUTES—VIOLATION—NEGLIGENCE PER SE—DAMAGES.

One of the purposes of the statute prohibiting furnishing intoxicants to minors is to protect the public from the risk of injury caused by intoxicated minors; a violation of the statute, if proven, constitutes negligence per se under Michigan law and a plaintiff may recover damages if such negligence per se is established to be the cause of the damages for which recovery is sought.

Appeal from Arenac, Carl L. Horn, J. Submitted Division 3 May 8, 1973, at Grand Rapids. (Docket No. 15197.) Decided November 28, 1973.

Complaint by Daniel Thaut, administrator of the estate of Marta S. Thaut, against John Finley, Charles Finley, Ed Dittenber, Alice Dittenber, and James S. Aites for damages resulting from an automobile accident. Summary judgment for defendants Dittenber. Plaintiff appealed. Affirmed, 47 Mich App 542; 209 NW2d 695 (1972). On rehearing, reversed and remanded for further proceedings.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 57 Am Jur 2d, Negligence §§ 235, 236, 239, 240, 242–244, 253, 270.
[2] 45 Am Jur 2d, Intoxicating Liquors §§ 267–275, 362.

*Leitson, Dean, Dean, Segar & Hart, P. C.* (by
*Leonard B. Shulman),* for plaintiff.

*Otto & Otto,* for defendants Dittenber.

*Isackson & Neering, P. C.* (by *Stanley Zimos-
trad),* for defendants Finley.

*Smith & Brooker, P. C.* (by *James W. Tarter),* for
defendant Aites.

Before: DANHOF, P. J., and McGREGOR and
MILES,* JJ.

## ON REHEARING

McGREGOR, J. The recent decision of another
panel of this Court, in *Lover v Sampson,* 44 Mich
App 173; 205 NW2d 69 (1972), occasions our grant
of plaintiff's application for rehearing in the in-
stant case. The patent conflict between the holding
in *Lover* and our opinion in this matter compels us
to reconsider our decision.

In *Lover,* the Court held that defendants, not
subject to strict liability under the dramshop act[1]
because not "engaged in the business of selling
alcoholic beverages",[2] may be liable for furnishing
alcoholic beverages in violation of other penal
statutes regulating the distribution or consump-
tion of such beverages. Specifically, the Court indi-
cated that defendants' violations of statutes pro-
hibiting the furnishing of intoxicants to minors
without a doctor's prescription[3] and the consump-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA 436.22; MSA 18.993.

[2] 44 Mich App 173, 180; 205 NW2d 69, 72 (1972).

[3] MCLA 750.141a; MSA 28.336(1).

tion of ·alcoholic beverages on public highways[4] could constitute negligence per se and, accordingly, give rise to a civil cause of action. In our initial opinion in the instant case, we held that violation of the statute prohibiting furnishing intoxicants to minors did not create a civil cause of action. That holding was premised upon the fact that the penal statute contained no legislative expression of intent to create a civil cause of action for its violation. Having carefully considered both the *Lover* decision and other pertinent authority, we are constrained to admit we erred.

In Michigan, violation of a statute is negligence per se if the statute was intended to protect a class of persons, including the plaintiff, from the type of harm which resulted from its violation. *Hardaway v Consolidated Paper Co,* 366 Mich 190; 114 NW2d 236 (1962); *Douglas v Edgewater Park Co,* 369 Mich 320; 119 NW2d 567 (1963); *Morton v Wibright,* 31 Mich App 8; 187 NW2d 254 (1971). This is so, even though the statute does not, as is normally the case, contain a provision respecting civil liability.

In the instant case, it would be absurd indeed to maintain that one of the purposes of the statute in question was not to protect the public from the risk of injury caused by intoxicated minors. Thus, defendants' alleged violation of the statute would, *if proven,*[5] constitute negligence per se under Michigan law.[6]

The applicability of these general principles to

---

[4] MCLA 436.34; MSA 18.1005.

[5] We emphasize that, to establish a violation of the statue, there must be proof that the defendant knowingly gave or furnished an alcoholic beverage to a minor.

[6] Of course, plaintiff would still need to establish that this negligence per se was the proximate cause of the damages for which he seeks to recover. *Haynes v Seiler,* 16 Mich App 98; 167 NW2d 819 (1969).

cases involving the violation of penal statutes regulating the distribution of intoxicants is recognized in *Jones v Bourrie,* 369 Mich 473; 120 NW2d 236 (1963). In that case, the Court, in dicta, noted that, in the absence of a liquor control act creating a civil cause of action, such a cause of action could arise by virtue of the defendant's violation of penal statutes governing alcoholic beverages.[7]

In view of the authorities discussed above, plaintiff's complaint did state a cause of action and the trial court erred in granting defendants' motion for summary judgment.

Reversed, and remanded for further proceedings consistent with this opinion.

All concurred.

[7] Justice BLACK's separate opinion in *Abendschein v Farrell,* 382 Mich 510; 170 NW2d 137 (1969), supports this reading of *Jones, supra.*