470 A.2d 515

Mark CONGINI, a minor by Carl J. CONGINI, his guardian, and Carl J. Congini and Sylvia Congini, Appellants,

v.

PORTERSVILLE VALVE COMPANY, a Corporation, Appellee.

Supreme Court of Pennsylvania.

Argued Oct. 26, 1983.

Decided Dec. 30, 1983.

Clyde T. MacVay, Pittsburgh, Gilbert D. Levine, New Castle, for appellants.

Herman C. Kimpel, Pittsburgh, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

McDERMOTT, Justice.

This appeal arises from an action in trespass for personal injuries sustained by Mark Congini in an automobile accident which occurred on December 22, 1978. His parents instituted suit on his behalf, and on their own behalf, in the Court of Common Pleas of Lawrence County against the Portersville Valve Company (Portersville). The defendant filed preliminary objections in the nature of demurrer. The trial judge, the Honorable William R. Balph, sustained the preliminary objections and the Conginis' complaint was dismissed on August 18, 1980.

On appeal the Superior Court affirmed, relying in part on our decision in *Manning v. Andy*, 454 Pa. 237, 310 A.2d 75 (1973).[1] Appellants petitioned this Court for allowance of appeal and we granted allocatur.

■ On demurrer we must accept as true all well pleaded facts and the reasonable inference therefrom. *Sinn v. Burd*, 486 Pa. 146, 149, 404 A.2d 672, 674 (1979). Thus for purposes of this appeal we are confronted with the following facts.

1. The opinion of the Superior Court appears at 312 Pa.Super. 461, 458 A.2d 1384 (1983).

At the time of the accident in question Mark Congini was eighteen (18) years of age and an employee of Portersville. On December 22, 1978 Portersville held a Christmas party for its employees at which alcoholic beverages were served. Mark attended the party and, as a result of consuming an undisclosed amount of alcohol, became intoxicated.

Mark's car was parked at Portersville plant, which was the scene of the party, and appellee, through one of its agents, had possession and custody of the car keys. Although Portersville's agent was aware of Mark's intoxicated condition, the keys were given to Mark upon his request so that he could drive from the plant to his home.

While Mark was operating the car on the highway, he drove it into the rear of another vehicle which was proceeding in the same direction. As a result of this accident Mark suffered multiple fractures and brain damage which have left him totally and permanently disabled.

In their appeal appellants have alleged several grounds of liability: first, that defendant was negligent in providing Mark with alcoholic beverages to the point that he became intoxicated; second, that defendant was negligent in surrendering the car keys to Mark, knowing that Mark was intoxicated and that he would drive; and third, that appellee, as a landowner, was negligent in breaching a duty owed to mark as an invitee. Appellants have not alleged that appellee was a licensee of the Pennsylvania Liquor Control Board.

The first issue before us is similar to that raised in *Klein v. Raysinger*, decided this day at 504 Pa. 141, 470 A.2d 507 (1983), i.e., the extent to which a social host can be held liable for injuries sustained by his guest to whom he has served intoxicating liquors. This case, however, differs in two respects: that the guest here was a minor; and that the plaintiff here is the guest to whom the intoxicants were served, rather than a third person injured by a person who was served alcoholic beverages. *See Klein, id.*

As we note in *Klein,* our sister state jurisdictions are virtually unanimous in refusing to extend common law liability to an adult social host serving intoxicants to his adult guests. *Id.,* 504 Pa. at 148, 470 A.2d at 510 (collected cases). However, there is no such unanimity in cases where an adult host has knowingly served intoxicants to a minor. *See Burke v. Superior Court,* 129 Cal.App.3d 570, 181 Cal. Rptr. 149 (1982); *Brockett v. Kitchen Boyd Motor Company,* 24 Cal.App.3d 87, 100 Cal.Rptr. 752 (1972); *Brattain v. Herron,* 159 Ind.App. 663, 309 N.E.2d 150 (1974); *Thaut v. Finley,* 50 Mich.App. 611, 213 N.W.2d 820 (1973); *Linn v. Rand,* 140 N.J.Super. 212, 356 A.2d 15 (App.Div.1976).

■ In *Klein v. Raysinger, supra,* we held that there exists no common law liability on the part of a social host for the service of intoxicants to his adult guests. In arriving at this decision we relied upon the common law rule that in the case of an ordinary able bodied man, it is the consumption of alcohol rather than the furnishing thereof, that is the proximate cause of any subsequent damage.

However, our legislature has made a legislative judgment that persons under twenty-one years of age are incompetent to handle alcohol. Under Section 6308 of the Crimes Code [2] 18 Pa.C.S. § 6308, a person "less than 21 years of age" commits a summary offense if he "attempts to purchase, purchases, consumes, possesses or transports any alcohol, liquor or malt or brewed beverages." Furthermore, under Section 306 of the Crimes Code, 18 Pa.C.S.A. § 306, an adult who furnishes liquor to a minor would be liable as an accomplice to the same extent as the offending minor.

This legislative judgment compels a different result than *Klein,* for here we are not dealing with ordinary able bodied men. Rather, we are confronted with persons who are, at least in the eyes of the law, incompetent to handle the affects of alcohol. *Accord, Burke v. Superior Court, supra,* 129 Cal.App.3d at 575, 18 Cal.Rptr. at 151; *Thaut v. Finley, supra* (1974); *Lover v. Sampson,* 44 Mich.App. 173,

2. Act of December 6, 1972, P.L. 1482, No. 334 § 1.

205 N.W.2d 69 (1972). *See Davis v. Shiappocossee*, 155 So.2d 365 (Fla.1963); *Chausse v. Southland Corp.*, La. App., 400 So.2d 1199 (1981) *cert. denied*, La., 404 So.2d 497 (1981); *Munford, Inc. v. Peterson*, Miss., 368 So.2d 213 (1979); *Wiener Gamma Phi Chapter of Alpha Tau Omega Fraternity*, 258 Or. 632, 485 P.2d 18 (1971). *See also, Cantor v. Anderson*, 126 Cal.App.3d 124, 178 Cal.Rptr. 540 (1981).

Section 286 of the Restatement of Torts Second provides:

§ 286. When Standard of Conduct Defined by Legislation or Regulation Will Be Adopted

The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part

(a) to protect a class of persons which includes the one whose interest is invaded, and

(b) to protect the particular interest which is invaded, and

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results.

We have previously relied upon this Section and accepted it as an accurate statement of the law. *See Majors v. Brodhead Hotel*, 416 Pa. 265, 268, 205 A.2d 875 (1965); *Jardine v. Upper Darby Lodge, No. 1973*, 413 Pa. 626, 198 A.2d 550 (1964). *See also, Frederick L. v. Thomas*, 578 F.2d 513 (3rd Cir.1978).

 Section 6308 of the Crimes Code represents an obvious legislative decision to protect both minors and the public at large from the perceived deleterious effects of serving alcohol to persons under twenty-one years of age. Thus, we · find that defendants were negligent per se in serving alcohol to the point of intoxication to a person less

than twenty-one years of age,[3] and that they can be held liable for injuries proximately resulting from the minor's intoxication.[4]

■ Our inquiry, however, can not stop here. As noted above the plaintiff here was not an unwitting third party to the actor's negligence, but the person to whom the intoxicants were allegedly served. Nevertheless, for the purpose of deciding whether a cause of action exists, we see no valid distinction which would warrant a limitation on the action to third parties alone. *See Wilson v. Steinbach, supra.*

Under our analysis, an actor's negligence exists in furnishing intoxicants to a class of persons legislatively determined to be incompetent to handle its effects. It is the person's service which forms the basis of the cause of action, not whether or not a putative plaintiff is entitled to recover. Resolution of this latter issue requires a fuller record than the one which we have on demurrer.

We note, however, that under the scheme set up by this Court in *Kuhns v. Brugger,* 390 Pa. 331, 135 A.2d 395 (1957) an eighteen year old person is "presumptively capable of negligence."[5] We further note that an eighteen year

3. In *Manning v. Andy,* 454 Pa. 237, 310 A.2d 75 (1973) we held that a violation of the Liquor Code could not form the basis for a cause of action against a non-licensee. However, the Crimes Code is applicable to all the citizens of this Commonwealth. Thus, in finding that a cause of action exists under the facts of this case, we are not departing from our holding in *Manning.*

4. A finding of negligence per se does no more than satisfy plaintiff's burden of establishing that a defendant's conduct was negligent. *See,* Section 288 B of the Restatement of Torts Second; *Prosser, Torts* Ch. 5 § 36 pp. 200–201 (4th ed. 1971). However, the burden remains upon plaintiff to establish that his complained of injuries were proximately caused by the statutory violations. *Kaplan v. Kaplan,* 404 Pa. 147, 171 A.2d 166 (1961).

5. In *Kuhns, supra,* the Court enunciated the following standards: ... we place minors in three categories based on their ages: minors under the age of seven years are conclusively presumed incapable of negligence; minors over the age of fourteen years are presumptively capable of negligence, the burden being placed on such minors to prove their incapacity; minors between the ages of seven and fourteen years are presumed incapable of negligence, but such

old is liable as an adult for the offenses which he commits, and that by knowingly consuming alcohol an eighteen year old is also guilty of a summary offense. *See* 18 Pa.C.S. § 6308.

■ Thus, although we recognize that an eighteen year old minor may state a cause of action against an adult social host who has knowingly served him intoxicants, the social host in turn may assert as a defense the minor's "contributory" negligence. Thereafter, under our Comparative Negligence Act [6] 42 Pa.C.S. § 7102 it will remain for the fact finder to resolve whether the defendant's negligence was such as to allow recovery. *Accord Munford v. Peterson, supra.; Chausse v. Southland Corp., supra.*

■ Appellants have also asserted two separate issues, neither of which do we find meritorious. The first involves the alleged negligent entrustment of an automobile to one who is intoxicated. However, this cause of action has been recognized only in those situations where the person sought to be held liable was "the owner or other person responsible for its (automobile) use." *See* Anno.: *Liability Based on Entrusting Automobile to One Who is Intoxicated or Known to be Excessive User of Intoxicants.* 19 A.L.R.3d 1175 (1968). Appellants have cited no cases which extend this liability to persons who were not the owner or otherwise responsible for the automobile in question. *See e.g., Mills v. Continental Parking Corp.,* 86 Nev. 724, 475 P.2d 673 (1970) (holding parking lot attendant not liable for surrendering car to owner who was intoxicated). The appellee here had no right of control over Mark Congini's car, and we see no basis upon which to extend liability to the situation posited here.

Finally, appellants have argued that the defendants breached a duty as a landowner to Mark Congini. The

presumption is rebuttable and grows weaker with each year until the fourteenth year is reached.
*Id.,* 390 Pa. at 340, 135 A.2d at 401.

6. Act of April 28, 1978, P.L. 202, No. 53, § 10(89). As amended October 5, 1980, P.L. No. 142, § 222(a).

Superior Court refused to discuss this issue, as they found that it was not fairly raised by the pleadings.

▉ Since there was nowhere pleaded that Mark Congini was required by his employer to attend the party in question, it appears at most that he was a gratuitous licensee. To such a person Section 341 of the Restatement of Torts, Second provides:

§ 341. Activities Dangerous to Licensees

A possessor of land is subject to liability to his licensees for physical harm caused to them by his failure to carry on his activities with reasonable care for their safety if, but only if,

(a) he should expect that they will not discover or realize the danger, and

(b) they do not know or have reason to know of the possessor's activities and of the risk involved.

Appellants did not plead that Mark Congini was without knowledge of the possessor's activities, or of the risks involved in consuming alcoholic beverages. Indeed, it would have been impossible to contend that Mark Congini was ignorant of the appellee's activities, since that was the reason for his presence.

▉ Furthermore, appellant's injuries at most would seem to have resulted from "existent conditions upon the premises" (i.e., the availability of alcohol), as opposed to "any affirmative or 'active' negligence on [the defendant's] part." *See Potter Title and Trust Co. v. Young*, 367 Pa. 239, 244, 80 A.2d 76, 79 (1951). In such a case a possessor of land is not liable to a licensee in the absence of willful and wanton injury. *Kapp v. R.S. Noonan, Inc.*, 385 Pa. 460, 123 A.2d 429 (1956); *Potter Title and Trust Co. v. Young, supra.* Such liability was not pleaded by the appellants. We therefore, agree with the Superior Court that a cause of action under this theory was not stated.

In light of appellee's potential liability as a social host, we reverse the order of the Superior Court and remand this case to the court of common pleas for proceeding not

inconsistent with our opinion. As to appellants' other contentions, we affirm the order of the Superior Court.

ROBERTS, C.J., files a concurring opinion.

LARSEN, J., concurs in the result.

ZAPPALA, J., files a dissenting opinion.

ROBERTS, Chief Justice, concurring.

I join in the mandate of the majority allowing the complaint in trespass, which seeks recovery for injuries allegedly caused by the serving of liquor by a social host to a visibly intoxicated minor guest, to proceed to trial. Section 493(1) of the Liquor Code mandates that it is "unlawful ... for any licensee or the board, or any employe, servant or agent of such licensee, or the board, or any other person, to sell, furnish or give any liquor ... or to permit any liquor ... to be sold, furnished or given, to *any* person visibly intoxicated...." 47 P.S. § 4–493(1) (emphasis added). The use of the language "any person visibly intoxicated" clearly manifests the Legislature's intention to prohibit the furnishing of alcoholic beverages to all visibly intoxicated persons, without regard to whether those persons are adults or minors. See *Klein v. Raysinger*, 504 Pa. 141, 470 A.2d 507 (1983) (Roberts, C.J., dissenting). See also *Manning v. Andy*, 454 Pa. 237, 310 A.2d 75 (1973) (Manderino, J., dissenting, joined by Roberts, J.). Because the majority disregards this plain statutory language, I concur in the result only.

ZAPPALA, Justice, dissenting.

In *Klein v. Raysinger*, 504 Pa. 141, 470 A.2d 507 (1983), we held that no duty exists under the common law which would impose liability upon a social host who serves alcohol to an adult guest for conduct of the guest which results in injury to himself or to a third party. We recognized that it is the consumption of alcohol, rather than the furnishing of alcohol to an individual, which is the proximate cause of any subsequent occurrence.

In the instant case, however, the majority opinion concludes that liability of a social host may arise from the act of furnishing alcohol to a minor and that such liability may extend to harm suffered by the minor. By adopting this legal premise, the majority today is effectively overruling *Klein*[1]. The analysis employed by the majority is clearly inconsistent with that enunciated in *Klein,* and for that reason I must dissent.

The majority attempts to reconcile the inconsistency based upon a perceived public policy to protect minors and the public from the potentially harmful effects of alcohol.[2] This public policy is gleaned from § 6308 of the Crimes Code which imposes criminal liability on a person under 21 who attempts to purchase, purchases, consumes, possesses or transports alcohol. Although the legislature may have determined that persons under 21 are incompetent to handle alcohol, as the majority suggests, it is evident that the legislature has defined the offense so as to render the minor culpable for his own conduct which violates the statute. A minor could not defend his conduct by demonstrating that an adult had furnished him with the alcohol. Thus, the statute which the majority interprets as evincing a policy to protect minors does not shield them from their acts which contravene the statute.

1. The majority has not determined that the duty arises under the factual circumstances presented in this case because of the employer-employee relationship which existed between the plaintiff and defendant.

2. The public policy which the majority interprets as imposing a duty to a minor and innocent third parties upon a social host who furnishes alcohol to a person under 21 cannot be realistically distinguished from the public policy recognized by the legislative enactment of the "new drunk driving law", 75 Pa.C.S.A. § 3731(a)(4). The legislature has recognized that the public must be protected from operators of a motor vehicle who drive under the influence of alcohol. We did not interpret this legislation, however, as creating a duty upon a social host who has provided alcohol to one who he knows, or should know, is about to drive, for injuries sustained by the guest or a third party in an automobile accident. To the contrary, we held in *Klein* that no such duty exists. The reasoning applied in *Klein* should be applied to this case as well, rather than upon "public policy" which may be manipulated to support what the majority believes is a better result.

The majority attempts to distinguish underage drinkers from those over 21 years by stating that minors are deemed incompetent to handle the effects of alcohol. This distinction is irrelevant, however, to the issue of whether a social host who furnishes alcohol to a minor may be held liable for injuries sustained by the minor or a third party as the result of the minor's actions.

It is not the knowledge of a social host of the ability or inability of a guest to handle the effects of alcohol, or knowledge of a person's condition, which would give rise to a duty not to furnish alcohol to the guest. We declined to impose liability on that basis in *Klein,* when we refused to recognize a cause of action, urged by the Appellants therein, against a social host who serves alcohol to a visibly intoxicated person who the host knows, or should know, intends to drive a motor vehicle. I cannot agree, therefore, that liability should be imposed on a social host serving alcohol to a person under 21 based upon the rationale that minors are incompetent to handle alcohol. If it is consumption by an adult guest, rather than the furnishing of alcohol by a host, which is the proximate cause of subsequent occurrences, then it is not less compelling to conclude that it is a minor's voluntary consumption of alcohol which is the proximate cause of harm which results.

I find it inconceivable that a minor or an innocent third party who suffers harm under the factual circumstances alleged in the instant case may assert a cause of action against the social host who has dispensed the alcohol, yet an innocent third party who suffers harm under the factual circumstances set forth in *Klein* would be precluded from asserting a similar cause of action. These inapposite results arise solely from the fortuitous circumstance of the age of the tortfeasor, rather than the conduct of the social host. I would hold, consistent with *Klein,* that no cause of action exists against a social host for providing alcohol to a guest under the facts alleged in this action. This matter is better left to legislative action than to judicial gymnastics.