## Staats v. Noll

*Robert G. Bauer, William Hildenbrand,* for plaintiffs.

*Nicholas Noel III,* for defendants.

FREEDBERG, *J.,* December 15, 1986 — This matter is before the court on plaintiffs' petition for delay damages. At trial, plaintiffs received a net verdict of $83,019.70 damages for wrongful death and survival actions. Plaintiffs request this court to add

10 percent interest to the $83,019.70 verdict pursuant to Pa.R.C.P. 238 and *Craig v. Magee Rehabilitation Center,* 105 E.D. App. Docket 1985 (Pa., 1986).[1] We deny the petition based upon our conclusion that delay damages under the *Craig* standards are to be awarded only as a sanction for defendant delay, and no such delay existed in the instant matter.

In *Craig,* supra, the Pennsylvania Supreme Court suspended Pa.R.C.P. 238 "because experience shows that the ends sought (by the rule) run too tight a gauntlet through due process, by denial of a forum to assess fault for the delay sought to be avoided." *Craig,* slip op. at 6. In place of rule 238, the court established a new procedure for assessment of delay damages. First, a plaintiff seeking delay damages must file a petition with the trial judge within five days of a jury verdict. Defendant has five days to respond. The trial judge may then conduct a hearing to resolve any factual disputes raised by the petition or response.[2] *Craig,* slip op. at 7.

In determining whether delay damages are appropriate, the trail court is to consider, "the parties' respective responsibilities in requesting continuances, the parties' compliance with rules of discovery, the respective responsibilities for delay necessitated by the joinder of additional parties, and other

---

1. Although the *Craig* court suspended Pa.R.C.P. 238, it appears that the rule provisions relating to computation of interest are still in effect. These interest provisions only become operative, however, upon a finding of delay on the part of a defendant.

2. In the present case, both parties agreed that such a hearing was not necessary, and asked the court to rule on the petition based upon the record as it stood at the conclusion of trial.

pertinent factors." *Craig*, slip op. at 7. The enunciation of these factors indicates that delay damages are to be applied as a sanction, rather than awarded automatically as interest as previously done under suspended rule 238. If, after applying the *Craig* factors, the court finds delay attributable to a Defendant, the interest provisions of Pa.R.C.P. 238 are then applied as a sanction. We also note that the *Craig* standards do not create a presumption in favor of, or against, the award of damages. Instead, each case is to be decided on its own merits.

Applying the *Craig* factors to the present case, we find no delay attributable to either party. We note at the outset that the total time period between the filing of plaintiffs' complaint and the commencement of trial was two years and five months, the complaint being filed May 16, 1984, and the trial commenced October 20, 1986. This is a reasonable amount of time for a case of this complexity to develop.[3] Specifically applying the stated *Craig* factors, we find that neither party requested continuances. The record indicates that all pretrial proceedings and the trial itself were scheduled pursuant to agreement of counsel, with neither side trying to create delay. We also find that both parties substantially complied with the rules of discovery. We find that defendants' joinder of additional parties was done in good faith, and not to delay.

Defendants had a reasonable basis for joining the Stahlers as defendants because an expert's report

---

3. We note that the time period between filing and commencement of trial is not alone determinative of whether delay occurred. *Craig*, slip op. at 7. This time period, however, is an appropriate factor to consider, along with the others set forth in *Craig*.

indicated that decedent may have consumed alcohol immediately prior to his arrival at defendants' home. The Stahler home is where this drinking would most likely have occurred. Lastly, the Stahlers were released by defendants on the eve of trial for valid tactical reasons. The joinder proceeding did not delay the case, since defendants' motion for summary judgment was under advisement by the court at this time.

We also find that the filing of frivolous motions is an appropriate factor to consider under the *Craig* catch-all consideration of "other pertinent factors." Plaintiffs contend that defendants' preliminary objections, motion for summary judgment and joinder of the Stahlers were all without a firm basis in law or fact, and delayed the case. We disagree. We find that defendants' actions were undertaken in good faith with a firm basis, and that these actions did not delay the case. Defendants' joinder of the Stahlers was discussed above. With respect to the preliminary objections to the amended complaint, defendants had a legal basis for their argument that punitive damages were not available. Likewise, the motion for summary judgment attempted to address issues validly raised by *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983).

We have viewed the record and conclude that neither party delayed the progress of the case.

Wherefore, we enter the following

## ORDER

And now, this December 15, 1986, plaintiffs' petition for delay damages is denied and dismissed.