## Goldsborough v. Columbia Borough

*Lewis H. Markowitz and Arnold Levin,* for plaintiffs.

*Robert L. Pfannebecker and George C. Werner,* for defendant Borough of Columbia.

ECKMAN, *P.J.*, March 10, 1988 — Presently before the court are the amended preliminary objections in the nature of a demurrer, a motion to strike and a motion for a more specific pleading filed by defendant, Borough of Columbia, to the complaint filed by plaintiffs, John E. Goldsborough Sr., Ardis Goldsborough, Robert E. Roberts and Grace A. Roberts.

Plaintiffs instituted this class action suit by filing a complaint on January 15, 1986, against Columbia Municipal Authority and the borough, alleging negligence in the first cause of action, public and private nuisance in the second cause of action, manufacturers' products liablity in the third cause of action, negligence per se in the fourth cause of action and conduct which warrants a claim for punitive damages in the fifth cause of action. An extension of time was obtained for filing a responsive pleading. The borough filed its original preliminary objections in the nature of a demurrer on May 2, 1986, alleging, inter alia, the defense of governmental immunity under the provisions of the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8542.[1] On June 6, 1986, more than 20 days after filing the preliminary objections and service upon plaintiffs' counsel, plaintiffs filed a motion to strike the preliminary objections of borough as to the defense of governmental immunity. On February 20, 1987, this court issued an order striking the governmental immunity defense and granting the borough 20 days to file a responsive pleading. On March 11, 1987, the borough filed the amended preliminary objections now before the court. Briefs having been filed by the plaintiffs and the borough, the bor-

---

1. Political Subdivision Tort Claims Act, Act of October 5, 1980, P.L. 693, No. 142 §221(1), 42 Pa.C.S. §8541 et seq.

ough's preliminary objections are ready for disposition.

## DEMURRER

The borough demurs to plaintiffs' causes of action for products liability and negligence per se.

When ruling upon the sufficiency of a demurrer, we are guided by well-established principles:

"A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom for the purposes of testing the legal sufficiency of the challenged pleading." *Duffee v. Judson,* 251 Pa. Super. 406, 409, 380 A.2d 843, 844 (1977). Moreover, to sustain preliminary objections in the nature of a demurrer, "it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff." *Schott v. Westinghouse Electric Corp.,* 436 Pa. 279, 291, 259 A.2d 443, 449 (1969).

Plaintiffs, in their memorandum of law in opposition to the preliminary objections of the borough, withdraw their third cause of action alleging products liability. The court, therefore, sustains the borough's demurrer to the third cause of action.

With regard to the borough's demurrer to the plaintiffs' fourth cause of action, negligence per se, the borough argues that violations of the Air Pollution Control Act (APCA),[2] or regulations thereunder contained in the Pennsylvania Code[3], do not give rise to a cause of action beyond that which is specifically created by the statute. Plaintiff concedes that APCA does not provide for a private cause of action,

2. Air Pollution Control Act of January 8, 1960, P.L. 2119, 35 Pa.C.S. §4001 et seq.

3. Standards for Contaminants, Odor Emissions, Limitations, 25 Pa. Code §123.31(b).

but contends that the borough's argument is irrelevant since plaintiffs' action is predicated on negligence per se.

APCA provides, inter alia:

"§4008 *Unlawful conduct* — It shall be unlawful to fail to comply with any rule or regulation of the board or to fail to comply with any order of the department, to violate or to assist in the violation of any of the provisions of this act or rules and regulations adopted hereunder, to cause air pollution, or to in any manner hinder, obstruct, delay, resist, prevent or in any way interfere or attempt to interfere with the department or its personnel in the performance of any duty hereunder." Section 4009 imposes criminal penalties for violations of APCA; section 4009.1 provides for civil penalties; section 4010 provides for civil remedies enforceable by the attorney general; and sections 4013 and 4013.4 allow a cause of action for public nuisance.

In addition, §123.31(b) of the code provides:

"(b) No person shall cause, suffer, or permit the emission into the outdoor atmosphere of any malodorous air contaminants from any source, in such a manner that the malodors are detectable outside the property of the person on whose land the source is being operated."

We can find no language in APCA precluding a private cause of action in negligence. Accordingly, the issue then becomes whether a violation of APCA constitutes negligence per se.

The principles applicable to a negligence per se cause of action for violation of a statute were set forth in *Congini by Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983). There, the Pennsylvania Supreme Court acknowledged section 286 of the Restatement (Second) of Torts[4] as an ac-

---

4. Restatement (Second) of Torts §286 (1965).

curate statement of the law in this area. Section 286 provides:

"§286. *When Standard of Conduct Defined by Legislation or Regulation Will Be Adopted —*

"The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part

"(a) to protect a class of persons which includes the one whose interest is invaded, and

"(b) to protect the particular interest which is invaded, and

"(c) to protect that interest against the kind of harm which has resulted, and

"(d) to protect that interest against the particular hazard from which the harm results."

The official comments to section 286 make clear that the ultimate decision is with the court as to whether a legislative enactment may be adopted as a standard of care. Restatement (Second) of Torts §286, comment d.[5]

Although the borough emphasizes that it is the intent of the legislature in enacting the statute which strictly determines whether violations of the statute can establish a standard of care, a review of section 286 indicates that the intent of the legislature is relevant only as to the determination of whose interest is protected and what that interest is protected from. As noted, the decision then rests with the court as to whether that standard will be adopted.

Section 4002 of APCA[6] states as its purpose the

---

5. Of course, a finding of negligence per se does not relieve a plaintiff of the burden of proving that the harm complained of was proximately caused by the violations. *Congini by Congini v. Portersville Valve Co., supra,* 504 Pa. at 163, 470 A.2d at 518.

6. 35 Pa.C.S. §4002.

following:

"It is hereby declared to be the policy of the Commonwealth of Pennsylvania to protect the air resources of the commonwealth to the degree necessary for the (i) protection of public health, safety and well-being of its citizens; (ii) prevention of injury to plant and animal life and to property; (iii) protection of the comfort and convenience of the public and the protection of the recreational resources of the commonwealth; and (iv) development, attraction and expansion of industry, commerce and agriculture."

We are persuaded that the stated purpose of APCA brings that act within the scope of Restatement (Second) of Torts §286 and that the duties set forth in section 4008 of APCA and section 123.31(b) of the code should, therefore, govern as the standard of care. Accordingly, since the complaint avers violations of those duties, the borough's demurrer to the fourth cause of action for negligence per se is dismissed.

## MOTION TO STRIKE

The borough further requests that plaintiffs' causes of action for negligence and punitive damages be stricken as setting forth conclusory allegations which lack material facts to support the claim.

A motion to strike off a pleading will be sustained if the pleading fails to conform to law or to rule of court or if it contains scandalous or impertinent matter. Pa.R.C.P. 1017(b)(2). A pleading must set forth in concise and summary form the material facts upon which a cause of action is based. Pa.R.C.P. 1019(a).

Instantly, plaintiffs' allegations in the first cause of action for negligence, read in the context of the entire complaint, simply restate defendants' duties

of care and conclude that defendants failed to use such care causing plaintiffs to be injured. The complaint does not set forth material facts as required by Pa.R.C.P. 1019(a) which would enable the defendants to answer with specificity.

Similarly, plaintiffs' allegations in the fifth cause of action for punitive damages merely recite conclusions as to defendants' liability without the support of material facts. We believe such allegations are insufficient to meet the standards required by Pa.R.C.P. 1019(a). We will, therefore, sustain the borough's motion to strike as to both the first and fifth causes of action.

## MORE SPECIFIC PLEADING

The borough finally requests a more specific pleading on all causes of action pursued by plaintiffs, but asserts in its brief only that the first and fifth causes of action fail to allege material facts. These two causes of action have already been stricken for failure to allege material facts and we need not discuss them further, except to inform plaintiffs of our additional reasons for holding that a more specific pleading is required as discussed hereafter. We note, however, that the borough's brief fails to address its contentions regarding the plaintiffs' second and fourth causes of action for nuisance and negligence per se, respectively, and those motions for a more specific pleading are deemed waived pursuant to Lancaster County Rule of Civil Procedure no. 31A.

As previously stated, Pa.R.C.P. 1019(a) provides that a pleading must set forth in concise and summary form the material facts upon which a cause of action is based. The purpose of a request for a more specific complaint is to ensure that "the complaint

is sufficiently clear to enable the defendant to prepare his defense." Goodrich-Amram 2d §1017(b):9 at 66. See also *City of Philadelphia et al. v. Shapp et al.,* 44 Pa. Commw. 303, 403 A.2d 1043 (1979). The complaint should be sufficiently specific so as to inform the defendant of "the nature of the improprieties with which he is charged." See *Local No. 163, Int. Union of United Brewery etc. v. Watkins,* 417 Pa. 120, 126, 207 A.2d 776, 779 (1965).

The borough contends that the first and fifth causes of action are deficient in that they fail to inform the borough of any specific actions which were allegedly taken by the borough to cause the averred harm. Since plaintiffs have set forth conclusory language, the borough contends that plaintiffs could successfully amend the complaint at a later time to set forth additional specific allegations of negligence beyond the running of the applicable statute of limitations. *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983), specifically addressed the interplay between the amendment of complaints and the statute of limitations in the context of an action for medical malpractice. In *Connor v. Allegheny General Hospital, supra,* the Pennsylvania Supreme Court held that since the plaintiff's complaint contained a general allegation of negligence, the proposed amendment did not change the theory of her cause of action. Consequently, the plaintiff was permitted to amend her complaint and add a new allegation of negligence despite the fact that the statute of limitations had run. In footnote 3, the Supreme Court admonished the defendant that:

"[I]f [it] did not know how it 'otherwise fail[ed] to use due care and caution under the circumstances,' it could have filed a preliminary objection in the nature of a request for a more specific pleading or it could have moved to strike that portion of [plaintiffs]

complaint." *Connor v. Allegheny General Hospital,* 501 Pa. at 311, 461 A.2d at 602.

Plaintiffs here acknowledge that the complaint may not be specific but argue that they should be permitted to amend the complaint after performing discovery. We disagree. *Connor v. Allegheny General Hospital, supra,* specifically envisioned that a defendant should avail himself of a motion for a more specific pleading in instances where a complaint sets forth a general allegation of negligence. Instantly, the borough has done just that in order to properly preserve its statute of limitations defense. Hence, plaintiffs' first cause of action which sets forth a general allegation of negligence and fifth cause of action which sets forth conclusory allegations of intent as a basis for punitive damages do not comply with Pa.R.C.P. 1019(a) and plaintiff should file an amended pleading. See *Brown v. Lancaster General Hospital et al.,* 69 Lanc. L. Rev. 480 (1985).

Accordingly, we enter the following

## ORDER

And now, March 10, 1988, the amended preliminary objections filed by the defendant, Borough of Columbia, are hereby disposed of as follows:

(1) The demurrer to the third cause of action for products liability is sustained and the third cause of action is dismissed.

(2) The demurrer to the fourth cause of action for negligence per se is dismissed.

(3) The motion to strike the first cause of action for negligence is sustained and the first cause of action is stricken with leave to file a more specific pleading.

(4) The motion to strike the fifth cause of action for punitive damages is sustained and the fifth

cause of action is stricken with leave to file a more specific pleading.

(5) The motion for a more specific pleading with respect to the second and fourth causes of action is dismissed.

Plaintiffs are granted 20 days from the date of the order to file an amended complaint in accordance with this opinion with respect to the above causes of action, if they so desire.