586 A.2d 1017

**Rebecca J. BARRIE, Administratrix of the Estate of Bryan N. Barrie, Deceased, Appellant,**

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD, a Commonwealth of Pennsylvania party, Dennis Hoag, a Commonwealth employee and William D. Green, an individual and Rebecca J. Barrie, Richard E. Barrie and Kenneth Krisovenski and Mary Beth Dawson, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 1, 1990.

Decided Feb. 7, 1991.

---

Mark J. Homyak, Hess, Reich, Georgiades, Wile & Homyak, P.C., Pittsburgh, for appellant.

John R. Benty, Deputy Atty. Gen., with him, Mark E. Garber, Chief, Tort Litigation Unit, and Ernest D. Preate, Jr., Atty. Gen., Pittsburgh, for appellee, Pa. Liquor Control Bd. and Dennis Hoag.

John K. Heisey, Thomson, Rhodes & Cowie, Pittsburgh, for appellee, Rebecca J. Barrie.

Warren D. Ferry, Reale, Fossee & Ferry, P.C., Pittsburgh, for appellee, Kenneth Krisovenski.

Timothy J. Burdette, Anstandig, Levicoff & McDyer, Pittsburgh, for appellee, Mary Beth Dawson.

Before COLINS and PALLADINO, JJ., and CRUMLISH, Jr., Senior Judge.

PALLADINO, Judge.

Rebecca Barrie, Administratrix of the Estate of Bryan N. Barrie (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) denying Appellant's motion for post-trial relief in the form of judgment in her favor or in the alternative, a new trial. We affirm.

On November 15, 1985, Bryan Barrie (Barrie), age 16, and Ken Krisovenski (Krisovenski), age 16, requested William D. Green (Green), age 20, to purchase a half gallon of vodka and one fifth of gin for them. Green took the money from Barrie and Krisovenski and purchased the liquor from a state liquor store, without being asked to provide any identification to verify his age. Later that night, Barrie, Krisovenski, and Mary Beth Dawson (Dawson), age 18, met at a spot near Chartiers Creek in Carnegie, where the three minors eventually consumed the half gallon of vodka.

Dawson returned home at approximately 11:00 p.m. She testified that at the time she left, Krisovenski had passed out on some railroad tracks, and that Barrie was unable to help her move him, but was able to respond to her request for help. Krisovenski testified that he made his way home after awakening around 2:30 a.m. Barrie did not return home that night and his body was found approximately three weeks later in the Chartiers Creek, some distance from the site of the drinking party. The cause of death was listed as accidental drowning, with the contributing factor of acute alcoholic intoxication.

Appellant filed a wrongful death and survival action against the Pennsylvania Liquor Control Board (PLCB) and its employee, Dennis Hoag (Hoag) (collectively commonwealth parties) for negligence in selling alcohol to a minor,

Green, and against Green for supplying the liquor to Barrie. Krisovenski and Dawson were joined as additional defendants for participating in the drinking party, and Appellant and her ex-husband, Richard Barrie were joined as additional defendants on a theory of negligent parental supervision.

After trial, at the close of the evidence, the trial court granted a directed verdict in favor of Appellant as additional defendant, concluding that there was insufficient evidence of negligent supervision of her son. The jury found that the commonwealth parties were 10% causally negligent, Green was 20% causally negligent, and that Barrie was 70% causally negligent in causing his own death. Additional defendants Krisovenski and Dawson were found negligent, but their negligence was not a substantial factor in causing the death of Barrie. Richard Barrie was found not negligent. Based upon the jury's response to interrogatories, the trial court entered a verdict in favor of all the defendants.

Appellant filed a motion for post-trial relief, alleging that the trial court erred in (1) permitting the PLCB to use the defense of contributory negligence; (2) admitting testimony that Barrie had consumed alcohol on other occasions; (3) admitting and refusing to strike testimony regarding the age of Green, based on his appearance. The trial court denied the motion. This appeal followed.

On appeal to this court, Appellant raises three issues: (1) whether the trial court erred in admitting evidence of Barrie's prior drinking; (2) whether the trial court erred by allowing the defense of contributory negligence; and (3) whether the trial court erred in allowing testimony that a minor who purchased alcohol looked to be in his mid-twenties.

■ Appellant argues that the evidence of Barrie's prior drinking habits was introduced merely to show that he was contributorily negligent in this instance, and to blacken his character, contrary to the well established rule of evidence that prior acts of negligence are inadmissible to prove

negligence. *Levant v. Leonard Wasserman Co.*, 445 Pa. 380, 284 A.2d 794 (1971).

 The commonwealth parties argue that the evidence in question was relevant to the issue of negligent supervision by the parents. We agree. Evidence which is admissible for one purpose is not rendered inadmissible because it is not admissible for another purpose. *Bialek v. Pittsburgh Brewing Co.*, 430 Pa. 176, 242 A.2d 231 (1968). Even though the court did not find that the evidence supported the claim that Appellant was negligent in supervising her son, and granted a directed verdict in her favor, the evidence need not be stricken, because the question of the father's negligence did go to the jury. Finally, the Appellant could have requested a charge to the jury that any evidence of Barrie's prior drinking habits be limited to the issue of the negligence of the parents in supervising their son. Having failed to do so, Appellant cannot now complain that the jury might have considered this evidence for other purposes. *See Commonwealth v. Johnson*, 457 Pa. 554, 327 A.2d 632 (1974); Pa.R.C.P. No. 227(b); Pa.R.A.P. 302(b). We conclude that the trial court did not err in dismissing the motion for post-trial relief on this ground.

 The second issue is the propriety of the defense of contributory negligence. Appellant argues that because the jury found the PLCB negligent for selling liquor to a minor, any negligence on the part of Barrie should be ignored. In effect, Appellant seeks to place strict liability upon the PLCB, because it violated Section 493(1) of the Liquor Code.[1] Appellant contends that to permit the defense of contributory negligence would destroy the intent of section 493(1), relying on *Majors v. Brodhead Hotel*, 416 Pa. 265, 205 A.2d 873 (1965) and *Schelin v. Goldberg*, 188 Pa. Superior Ct. 341, 146 A.2d 648 (1958). However, a thorough reading of these cases indicates that the courts

1. Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 4–493(1). This section prohibits the sale of alcoholic beverages to minors, insane persons, habitual drunkards, persons of known intemperate habits, or any person visibly intoxicated.

were not holding the licensee strictly liable, but were merely drawing the inference that the illegal serving was a substantial cause of the injury, because determining which drink served to an inebriated individual caused the harm, would place an almost impossible burden upon the plaintiff.

In addition, the cases relied upon by the Appellant were decided at a time when any contributory negligence was a complete bar to recovery. However, comparative negligence [2] has replaced contributory negligence in personal injury and wrongful death actions. More recent cases decided under the comparative negligence statute have permitted the introduction of the actor's contributory negligence, when a violation of the liquor laws has occurred. *See Matthews v. Konieczny*, 515 Pa. 106, 527 A.2d 508 (1987); *Congini v. Portersville Valve Company*, 504 Pa. 157, 470 A.2d 515 (1983). As the court stated in *Congini*, 504 Pa. at 164, 470 A.2d at 518–519:

> Thus, although we recognized that an eighteen year old minor may state a cause of action against an adult social host who has knowingly served him intoxicants, the social host in turn may assert as a defense the minor's "contributory" negligence. Thereafter, under our Comparative Negligence Act ... it will remain for the fact finder to resolve whether the defendant's negligence was such as to allow recovery.

Appellant argues that *Congini* is not applicable because the PLCB is not a social host, but rather a licensee. This argument is without merit. In *Matthews* the supreme court held that:

> [T]he fact that Congini, involved a non-licensee while the present cases involve licensees is of little consequence. The Congini decision was grounded upon the *per se* negligence involved in an adult dispensing alcohol to a minor in violation of the Crimes Code. Since the Code's provisions apply with equal force to licensees as well as non-licensees, the rationale of Congini is equally applicable here.

2. 42 Pa.C.S. § 7102.

515 Pa. at 112, 527 A.2d at 511. Furthermore, this court held in *Reber v. Pennsylvania Liquor Control Board*, 101 Pa.Commonwealth Ct. 397, 516 A.2d 440 (1986), that the PLCB was not a licensee. Accordingly, we conclude that the trial court did not err in denying a new trial on this ground.

■ The last issue which must be addressed concerns the introduction of the testimony of the age of Green, as determined from his appearance. This argument is merely an extension of the previous argument that the defense of contributory negligence is not applicable in this matter. Appellant argues that because the appearance of being over twenty-one is not a defense to a violation of section 493(1) of the Liquor Code, that this evidence was irrelevant and highly prejudicial, and should not have been admitted.

The PLCB argues that section 493(1) and our cases decided thereunder are limited to the imposition of fines and other penalties under the Liquor Code, and are not relevant to a civil action for damages. We agree.

■ While this court has consistently held that there is only one defense to a violation of section 493(1), that being compliance with section 495, 47 P.S. § 4–495,[3] *146, Inc. v. Pennsylvania Liquor Control Board*, 107 Pa.Commonwealth Ct. 79, 527 A.2d 1083 (1987), such a requirement is only relevant in an action for a violation of section 493(1), and should not be applied in a negligence action.

■ We note that the commonwealth's liability for torts is the exception, not the rule.[4] Furthermore, we must construe the exceptions strictly. *Mascaro v. Youth Study*

---

**3.** Section 495 sets forth the acceptable forms of identification and the statement which must be signed by any individual whose age is in question, in order for the licensee or employee of the liquor store to be protected from liability.

**4.** 1 Pa.C.S. § 2310, which reaffirms that the commonwealth is immune from tort liability, reads as follows:

§ 2310. **Sovereign immunity reaffirmed; specific waiver**

Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign

*Center,* 514 Pa. 351, 523 A.2d 1118 (1987). If the legislature had intended to limit the defenses of the commonwealth in the manner proposed by the Appellant, it could have done so when it waived immunity for violations of the Liquor Code.[5] The legislature did not limit the use of the defense of contributory negligence. Therefore, we should not read such a limitation into the statute. We conclude that evidence as to the age of Green, from his appearance, is admissible to show his contributory negligence.

Accordingly, having concluded that the trial court did not err, the order of the trial court is affirmed.

## ORDER

AND NOW, February 7, 1991, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) unless otherwise specifically authorized by statute.

5. The waiver of immunity applicable in this matter is set forth at 42 Pa.C.S. § 8522(b)(7), which states as follows:

§ 8522. **Exceptions to sovereign immunity**

. . . .

**(b) Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . .

(7) **Liquor store sales.**—The sale of liquor at Pennsylvania liquor stores by employees of the Pennsylvania Liquor Control Board created and operating under the act of April 12, 1951 (P.L. 90, No. 21), know as the "Liquor Code," if such sale is made to any minor, or to any person visibly intoxicated, or to any insane person, or to any person known as an habitual drunkard, or of known intemperate habit (footnote omitted).