## Looby v. Local 13 Productions

34

C.P. of Montgomery County, no. 97-19863.

*Robert J. Foster,* for appellants.
*James D. Hilly,* for appellees.

CARPENTER, *J.,* October 25, 1999—

## FACTS AND PROCEDURAL HISTORY

On New Year's Eve, 1995, the appellants, Kanika Looby and Paul Caparatto, attended a rave party hosted by the appellees at the Fort Washington Expo Center in Fort Washington, PA. The promotional literature used by the appellees to advertise the party included references to illegal drug use, such as LSD and guaranteed overdose.

The appellants arrived at the party in a car driven by Katrina Coluzzi. While at the party, Coluzzi allegedly consumed intoxicants and/or narcotics. As a result of allegedly ingesting these substances, Coluzzi became unfit to operate a moving vehicle. Nevertheless, at approximately 6 a.m. on January 1, 1996, Coluzzi attempted to drive herself and the appellants home from the party. The appellants subsequently were injured when Coluzzi lost control of the vehicle.

The appellants filed suit against the operators of the party. In their complaint, the appellants contended the appellees were liable for their injuries on grounds (1) they encouraged the use of illegal drugs and (2) they were third-party beneficiaries to a security agreement between the appellees and the expo center. Finding no legal basis to support either of the appellant's claims, this court granted the appellees' preliminary objections, and dismissed the complaint with prejudice. This appeal follows.

## ISSUES

I. Whether this court properly dismissed negligence claims against the appellees where the complaint fails to allege that the appellees furnished narcotic substances to their guests during the party?

II. Whether this court properly determined that the appellees were not third-party beneficiaries of the security agreement between the appellees and the Fort Washington Expo Center?

## DISCUSSION

### I. *This Court Properly Concluded That the Appellees Were Not Liable for the Injuries Sustained by the Appellants Where the Complaint Did Not Allege That the Appellees Furnished Narcotic Substances to Their Guests.*

In their concise statement of matters complained of on appeal, the appellants contend this court erred in dismissing their negligence claims. Based on the following analysis, this court disagrees with that assertion.

Initially, it is well settled that a trial court's decision to grant preliminary objections in the nature of a demurrer should not be upset absent an error of law or a clear abuse of discretion. *Bocchicchio v. General Public Utilities Corp.,* 456 Pa. Super. 23, 689 A.2d 305 (1997). It is equally well settled that there is no common-law liability on the part of a social host for the service of intoxicants to his or her adult guests. *Congini by Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983). In *Congini,* our Supreme Court stated that "in the case of an ordinary able-bodied [person], it is consumption of alcohol rather than the furnishing thereof, that is the proximate cause of any subsequent damage." *Congini,* 504 Pa. at 161, 470 A.2d at 517. Presently, the appellants have not alleged that Coluzzi was a minor when she attended the party and allegedly ingested narcotics. While this court recognizes that the appellees cannot

claim the moral high ground, hosting, as they did, a rave party, the law in this Commonwealth is clear that social hosts are not liable to adult guests who are injured as a result of ingesting intoxicants. *Congini, supra; Alumni Association v. Sullivan,* 369 Pa. Super. 596, 535 A.2d 1095 (1987). Coluzzi's consumption of narcotics was the proximate cause of the appellants' injuries. Thus, the preliminary objections properly were sustained.

The appellants correctly contended in their response to the appellees' preliminary objections that our Supreme Court, in *Congini,* created a narrow exception to the general rule against social host liability. In *Congini,* our Supreme Court held that social hosts are negligent per se where they furnish intoxicants to minors. In so doing, our Supreme Court concluded that because minors represent a class of persons legislatively determined to be incompetent to recognize the effects of alcohol, it is negligent to furnish them with such. The appellants attempt to stretch that holding to suggest that the appellees should be found liable for encouraging drug use, given its illegal nature. While one could argue that by proscribing drug use our legislature has concluded that the general public is incompetent to recognize the effects of narcotics, the appellants' argument fails. As our Supreme Court instructs, for *Congini's* narrow exception to apply, a social host must have furnished the offending substance. *Congini,* 504 Pa. at 163, 470 A.2d at 518 (holding that it "[i]s the person's service which forms the basis of the cause of action"). Nowhere in their complaint, however, do the appellants allege the appellees furnished narcotics. Once again, although the appellees are not to be commended for their actions, no allegations exist to support a finding that they sold or provided narcotics to Coluzzi.

Consequently, this court properly concluded that the narrow exception to the general rule against social host liability is inapplicable.

## II. *The Appellants Were Not Intended Third-Party Beneficiaries of the Security Agreement Between the Appellees and the Fort Washington Expo Center.*

The appellants also contend they were third-party beneficiaries to the security agreement between the appellees and the expo center. As a result, they claim their injuries were a direct result of the appellees' alleged failure to provide security adequate enough to keep Coluzzi from voluntarily ingesting intoxicants and/or narcotics. Again, this court finds the appellants' claim to be meritless.

The appellants contend in their concise statement that, as paying guests, they were intended third-party beneficiaries to the security agreement between the appellees and the Fort Washington Expo Center. Prefatorily, the question of whether third-party status exists is a matter left to the sound discretion of the court, and is not a fact question to be submitted to the jury. *Scarpitti v. Weborg,* 530 Pa. 366, 372-73, 609 A.2d 147, 150-51 (1992).

In order to be conferred intended third-party beneficiary status, our Commonwealth requires that the party seeking such status meet the principles set forth in section 302 of the Restatement (Second) of Contracts. *Gerace v. Holmes Protection of Philadelphia,* 357 Pa. Super. 467, 516 A.2d 354 (1986). Echoing those principles, our Supreme Court has held:

"[A] party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself, . . . *unless* the circumstances are so compelling that recognition of the

beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Scarpitti,* 530 Pa. at 372-73, 609 A.2d at 150-51 (1992). (citations omitted) (emphasis in original)

In *Gerace, supra,* ring owners whose products were stolen from a jewelry store filed suit against the security company hired by the jewelry store to provide an alarm system. The ring owners claimed they were third-party beneficiaries of the alarm system contract between the jewelry store and the security company. Our Superior Court declined to grant the ring owners third-party status, however. First, the court found there was no obligation running from the jewelry store to the ring owners to pay money for an existing debt. Moreover, it concluded no evidence existed to support a claim that, at the time of contracting, the jewelry store owner "intended to give the benefit of the promised performance to" the ring owners. *Gerace,* 357 Pa. Super. at 473, 516 A.2d at 358. In *Rodriguez v. City of Philadelphia, Department of Human Services,* our Commonwealth Court found no third-party status inured where the agreement to provide security was intended to protect the contracting parties from potential liability. 657 A.2d 105, 109 (Pa. Commw. 1995).

Similar to *Gerace,* in the matter sub judice, no financial obligation existed between the appellees and the appellants. More importantly, no allegations in the complaint support a claim that the appellant and the expo center intended to give the benefit of the promised performance to the appellees. There is no express indica-

tion that the appellees were intended to benefit from the security agreement, nor do compelling circumstances appear that would demand the appellees be conferred such status. Moreover, much like in *Rodriguez,* it appears the standard security language found in the agreement between the appellant and the expo center was crafted to protect the contracting parties alone, including, as it does, references to security for areas such as the loading dock, storage space and truck marshalling areas. Consequently, there is no legal basis to support a finding that the appellants were intended third-party beneficiaries to the security agreement.

As an additional matter, even if the appellees were found to have failed to provide adequate security for the appellants as third-party beneficiaries, they should not be found liable for failing to protect them from themselves. Nowhere in the complaint do the appellees allege Coluzzi involuntarily became unfit to drive, nor do they allege they were forced against their will to travel home with her. Moreover, our Commonwealth recognizes that no liability attaches to one who allows another to drive while under the influence of drugs or alcohol unless that person owns the vehicle or exercises control over it. *Congini,* 504 Pa. at 164, 470 A.2d at 519. Consequently, even if the appellants were intended third-party beneficiaries to the security agreement, no legal theory exists to hold the appellees responsible since they did not own or exercise control over Coluzzi's vehicle.

## CONCLUSION

Based on the foregoing analysis, this court's order of September 7, 1999, dismissing the appellants' complaint with prejudice, should be upheld.