516 A.2d 440

Richard Allen Reber, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board and George Geaneotes, Appellees.

398

Argued September 8, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Alan M. Feldman*, with him, *John J. McCarty, Raynes, McCarty, Binder, Ross & Mundy*, for appellant.

*Gary Stewart Selfin,* Deputy Attorney General, with him, *Theodore J. Chylack* and *Andrew S. Gordon,* Deputy Attorneys General, and *LeRoy S. Zimmerman,* Attorney General, for appellees.

OPINION BY JUDGE CRAIG, October 21, 1986:

Richard Allen Reber appeals from an order of the Court of Common Pleas of Philadelphia County granting the defendant's motion for summary judgment in a civil action against the Pennsylvania Liquor Control Board (LCB). We vacate the order of the court and remand for a trial on the merits of Mr. Reber's negligence claim.

According to the pleadings, on August 16, 1982, Mr. Reber, who was then seventeen years old, asked Mr. Geaneotes, who was also seventeen years old, to purchase liquor from a state liquor store and gave him money to do so. The store employees did not question Mr. Geaneotes' age and sold him a fifth of liquor. Upon his return, Mr. Geaneotes and Mr. Reber drank the entire bottle of liquor that afternoon. Mr. Reber then mounted his motorcycle and drove to a friend's house. While en route, Mr. Reber became unconscious because of his intoxication and consequently lost control of his motorcycle. He was seriously and permanently injured.

Mr. Reber sued the LCB to recover damages based on the LCB's alleged liability for negligent sale of liquor to Mr. Geaneotes. The LCB moved for summary judgment claiming that, even if the allegations are true, no cause of action exists. The Court of Common Pleas of Philadelphia County agreed and granted the motion for summary judgment.

Of course, the granting of summary judgment is proper only when the case is free from doubt. The moving party must establish that there is no genuine issue

of material fact and that it is entitled to judgment as a matter of law. *Pennsylvania Funeral Directors Association v. State Board of Funeral Directors,* 90 Pa. Commonwealth Ct. 175, 494 A.2d 67 (1985). Our scope of review, therefore, is to determine whether Mr. Reber's complaint contains averments which, when accepted as true, create a cause of action upon which relief could be granted.

Mr. Reber argues that the LCB is not entitled to summary judgment because he has two causes of action against the LCB: (1) an action based directly on a violation of section 493(1) of the Liquor Code,[1] 47 P.S. §4-493(1); and (2) an action in negligence. We may dismiss the first cause of action by noting that, although section 493(1), as a penal provision subjecting persons to a penalty, prohibits the board from selling liquor to minors, the Liquor Code does not thereby grant an explicit statutory civil remedy to injured members of the public.

However, Mr. Reber's alternative cause of action presents the general issue of this case: May a plaintiff plead a cause of action in negligence against the LCB for illegally selling liquor to a minor who, in turn, provides that liquor to the minor plaintiff who is injured as a result of his consumption of that liquor?

### Statutory Limitations on Dram Shop Liability

Both parties recognize that an exception in the Sovereign Immunity Act, contained in 42 Pa. C. S. §8522(b)(7),[2] waives the sovereign immunity of this

---

[1] Act of April 12, 1951, P.L. 90.

[2] Section 221(1) of the Sovereign Immunity Act, 42 Pa. C. S. 8522(b)(7), provides:

> (b) **Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of

Commonwealth for "claims for damages caused by" the "sale of liquor . . . to any minor." However, the parties disagree on the applicability of section 497 of the Liquor Code, 47 P.S. §4-497, which shields licensees from civil liability resulting from the sale of liquor to customers who are not visibily intoxicated. Section 497 provides:

**Liability of licensees**

No licensee shall be liable to third persons on account of damages inflicted upon them off of the licensed premises by customers of the licensee unless a customer who inflicts the damages was sold, furnished or given liquor or malt or brewed beverages by the said licensee or his agent, servant or employe when the said customer was visibly intoxicated.

The LCB contends that section 497 protects it from third party liability even though it is not a licensee. The LCB cites an excerpt from a report of the Joint State Government Commission which explains the intention of the legislature when it adopted a service-to-minors exception to sovereign immunity.[3] The report suggests

---

sovereign immunity shall not be raised to claims for damages caused by:

. . . .

· (7) *Liquor store sales.*—The sale of liquor at Pennsylvania liquor stores by employees of the Pennsylvania Liquor Control Board created by and operating under the act of April 12, 1951, (P.L. 90, No. 21), known as the 'Liquor Code,' if such sale is made to any minor, or to any person visibly intoxicated, or to any insane person, or to any person known as an habitual drunkard, or of known intemperate habit.

[3] *Dram Shop Liability*—This area of waiver would make liquor store employees liable for the wrongful sale of alcoholic beverages to the same extent as private licensees. For example, under the Liquor Code, April 12, 1951, P.L. 90, No. 21 §493(1), a licensee may not furnish liquor 'to any person visibly intoxicated, or to any insane person, or to any minor, or to habitual drunkards.' See, Smith v.

that the legislature anticipated that the LCB would be subject to the same degree of liability as private licensees are for service of liquor to minors.

As Mr. Reber argues, however, there is no ambiguity in section 497 and, therefore, no reason to resort to legislative history to glean special meaning from that section. The Statutory Construction Act of 1972[4] instructs, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C. S. §1921(b). In such cases, the statute must be given its plain and obvious meaning. *Rivenbark v. Board of Probation and Parole,* 509 Pa. 248, 255, 501 A.2d 1110, 1114 (1985); *Commonwealth v. Rieck Investment Corp.,* 419 Pa. 52, 213 A.2d 277 (1965).

By its terms, section 497 shelters licensees only. In section 493 of the same Code, 47 P. S. §4-493, the legislature made subsections of that section applicable to "any licensee or the board." Because section 497 does not mention the board explicitly, and surrounding sections in the same act do, we will not imply the existence of that term in a statute where the legislature has omitted it. *See Patton v. Republic Steel Corp.,* 342 Pa. Superior Ct. 101, 492 A.2d 411 (1985). We conclude, therefore, that the LCB may not shield itself from third party liability under section 497.

---

Clark, 411 Pa. 142 (1963), which held that violation of this provision constitutes negligence per se, with liability attaching if proximate cause is proven; also see §4-497 of the Liquor Code for applicable limitations.
Joint State Government Commission of Pennsylvania, Report on Sovereign Immunity, at 14-15 (1978).

[4] 1 Pa. C. S. §1501-§1991.

## Duty of Care

Thus, the question remains whether Mr. Reber established a cause of action in negligence against the LCB, if we accept the averments as true. To prevail, Mr. Reber must prove that the board owed him a duty of care not to sell liquor to minors, that it breached that duty by selling liquor to Mr. Geaneotes, and that the board's breach of duty proximately caused Mr. Reber's injury. *Morena v. South Hills Health System,* 501 Pa. 634, 462 A.2d 680 (1983).

Mr. Reber argues that, even if section 493(1) of the Liquor Code does not in itself embody a statutory civil remedy, it supplies the foundation for a civil duty enforceable in tort actions. That section provides:

It shall be unlawful—

**Furnishing liquor or malt or brewed beverages to certain persons**

(1) For any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, or to any insane person, *or to any minor,* or to habitual drunkards, or persons of known intemperate habits. (Emphasis added.)

Thereby Mr. Reber derives the proposition that section 493(1) should be construed to impose a duty on the LCB, owed at least to potential minor consumers, not to sell liquor to minors. The LCB would rebut his argument by contending that we may not impose a duty of care on the board running to Mr. Reber under section 493(1) because the LCB had no reason to foresee Mr. Reber's injury within the zone of risk created by its sale of liquor to Mr. Geaneotes.

Should this court construe section 493(1) to impose vicarious liability on the LCB for injuries sustained by third parties proximately caused by the LCB's sale of alcohol to minors?

The Supreme Court has held that when "intoxicating beverages are sold in violation of [section 493], this constitutes negligence, and if the unlawful act or acts are the proximate cause of an injury, the violator is responsible for the loss suffered." *Smith v. Clark*, 411 Pa. 142, 144, 190 A.2d 441, 442 (1963).

However, in *Old Express Limited Appeal*, 70 Pa. Commonwealth Ct. 382, 453 A.2d 679 (1982), a Liquor Code regulatory case, we refused to impose strict vicarious liability for a violation of section 493(1) upon a licensee when persons other than that licensee's employees or agents furnished alcoholic beverages to minors. Although the exact source of liquor in that case was uncertain, the trial court presumed that the licensee sold beer to an adult who, in turn, gave it to minors. This court later distinguished *Old Express Limited Appeal* from *Pennsylvania Liquor Control Board v. Grand Marcus One, Inc.*, 69 Pa. Commonwealth Ct. 483, 451 A.2d 810 (1982), *J-J Bar, Inc., Liquor License Case*, 210 Pa. Superior Ct. 349, 233 A.2d 625 (1967), and *Salvia's Bar, Inc., Liquor License Case*,[5] 211 Pa. Superior Ct. 275, 236 A.2d 839 (1967), in which the licensee in each case knowingly permitted, or failed to prevent, a sale of liquor to adults for the sole purpose of

---

[5] These cases do not involve civil liability for third party injury. Nevertheless, the cases outline circumstances under which the LCB has found licensees to be in violation of section 493(1). Because Mr. Reber's argument centers on section 493(1) as a guidepost of the duty the LCB owed to him the cases are relevant to our analysis of whether the LCB's sale to Mr. Geaneotes, who passed the liquor on to Mr. Reber, is a breach of duty running to Mr. Reber.

passing that liquor on to minors. The distinguishing feature is whether or not the licensee had reason to expect that the liquor sold to the adult customer would ultimately reach the hands of a minor. We must, therefore, consider whether it is reasonable to expect a minor customer to share an illegal liquor purchase with other minors.

The Supreme Court found that "our legislature has made a legislative judgment that persons under twenty-one years of age are incompetent to handle alcohol." *Congini v. Portersville Valve Co.*, 504 Pa. 157, 161, 470 A.2d 515, 517 (1983). The court there determined that a cause of action exists for a minor, injured in an auto accident, against his non-licensee host who served him liquor to the point of intoxication and permitted him to drive. The key statement of the court's analysis concerns the basis of the plaintiff's cause of action:

> An actor's negligence exists in furnishing intoxicants to a class of persons legislatively determined to be incompetent to handle its effects. It is the person's service which forms the basis of a cause of action, not whether or not a putative plaintiff is entitled to recover.

*Id.* at 163, 470 A.2d at 518.

If this court accepts the legislature's determination that minors are incompetent to handle the effects of alcohol, and yet presumes that a minor who is sold a fifth of liquor could responsibly dispose of that liquor, the court's analysis would be inconsistent. The act of selling the liquor to a minor in the present case is analogous to the facts in *Grand Marcus One, et al.*, where licensees served liquor to adults under circumstances in which it was likely that the liquor would ultimately reach the hands of a minor. In either case, the seller or server violates section 493(1) because the liquor is ultimately provided to the minor. In other words, the LCB not

only violated section 493(1) by selling liquor to the underaged Mr. Geaneotes, but it also violated section 493(1) by selling liquor under circumstances in which it was likely that the liquor would reach the hands of other minors. Under our Supreme Court's reasoning in *Smith v. Clark,* we must find that the LCB breached a duty owed to Mr. Reber not to furnish liquor to minors either directly or through likely intermediaries.

Only when foreseeability is clearly and undeniably negated may a court rule as a matter of law that a particular defendant did not have a duty to a particular plaintiff. *Migyanko v. Thistlethwaite,* 275 Pa. Superior Ct. 500, 419 A.2d 12 (1980). We cannot say that the prospect of Mr. Geaneotes sharing his illegally purchased liquor with another minor, and the injury resulting, is so unforeseeable that Mr. Reber cannot assert that the LCB breached the duty owed to him.

### Proximate Cause

Having concluded that the LCB owed Mr. Reber a duty not to sell liquor to Mr. Geaneotes under section 4-493(1) and that the sale of the liquor constituted a breach of that duty, the question remains whether or not Mr. Reber's injuries were proximately caused by the LCB's breach of duty. The trial court decided this issue as a matter of law:

> This court feels that proximate causation under the facts of the present case do not warrant submission of these facts to a jury and that the PLCB is entitled to summary judgment as a matter of law. Causation under the facts of the instant case cannot flow from the PLCB in its actions to injuries sustained by the plaintiff as a result of actions taken by the plaintiff in this case.

We disagree. This court has held that questions of proximate causation, except in those cases where facts

are undisputed and the remoteness of causal connection between the defendant's negligence and the plaintiff's injury clearly appears from the facts, are for the jury. *Vattimo v. Lower Bucks Hospital, Inc.*, 59 Pa. Commonwealth Ct. 1, 428 A.2d 765 (1981), *aff'd in part, rev'd in part*, 502 Pa. 241, 465 A.2d 1231 (1983). Although the facts may be undisputed for the purpose of the motion for summary judgment, the remoteness which the LCB claims to exist between the sale of liquor to Mr. Geaneotes and the injury Mr. Reber sustained does not clearly appear from the facts. What clearly appears from the facts is that reasonable minds could differ on the question of proximate cause. As such, the question of proximate cause must be left to the jury. *Ford v. Jeffries*, 474 Pa. 588, 379 A.2d 111 (1977).

## Conclusion

Mr. Reber's complaint, filed in the court of common pleas, established a potential cause of action in negligence. We have concluded that the LCB owed a duty to Mr. Reber not to sell liquor to his minor friend, Mr. Geaneotes. We have also concluded that Mr. Reber's pleaded facts create a reasonable question of proximate causation which should be submitted to a jury.

Therefore, the trial court's order granting summary judgment to the Commonwealth is vacated and the case remanded for a trial on the merits of Mr. Reber's negligence claim.

## Order

Now, October 21, 1986, the order of the Court of Common Pleas of Philadelphia County, November Term, 1982, No. 2565, dated July 31, 1985, granting summary judgment is vacated and the case remanded for a trial on the issues presented by Mr. Reber's negligence claim.

Jurisdiction relinquished.