566 A.2d 645

Margaret E. MURRAY, Administratrix of the Estate of Cherise R. Silvis, a/k/a Cherise R. Murray, deceased

v.

Richard J. ZARGER, Jack McIntyre, and Corry Area School District.

Appeal of Jack McINTYRE and Corry Area School District, Appellants.

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1989.

Decided Nov. 21, 1989.

Thomas M. Lent, with him, W. Patrick Delaney, Marsh, Spaeder, Baur, Spaeder & Schaaf, Erie, for appellants.

Ronald L. Slater, Elderkin, Martin, Kelly, Messina & Zamboldi, Erie, for appellee, Margaret E. Murray.

T. Warren Jones, with him, John W. Draskovic, MacDonald, Illig, Jones & Britton, Erie, for appellee, Richard J. Zarger.

Before COLINS and McGINLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

Jack McIntyre (McIntyre) and the Corry Area School District (School District) appeal from an order of the Court of Common Pleas of Erie County (trial court) dated January 25, 1989, entering partial summary judgment in favor of Richard J. Zarger (Zarger), and against the School District with respect to Zarger's claim for contribution and/or indemnity from all claims for personal injuries arising out of the January 18, 1985, motor vehicle accident in which Cherise R. Murray (Decedent) was fatally injured. We reverse.

On January 18, 1985, Decedent, age fourteen and a freshman at Corry Area High School, was fatally injured in an

automobile accident in Harborcreek Township, Erie County, Pennsylvania. Decedent and three other members of the swim team were en route to a diving competition at Iroquois High School in a car owned by McIntyre, the high school swim coach, and operated by Zarger. McIntyre had loaned the car to Zarger and remained at the high school with other members of the swim team.

Margaret E. Murray, Administratrix of the Estate of Decedent (Estate), filed a complaint on February 18, 1986, requesting damages allegedly caused by the negligence of the School District, McIntyre and Zarger. The School District filed a motion for summary judgment which was argued before the trial court on July 25, 1988, and denied. On August 9, 1988, Zarger, with leave of Court, filed amended new matter alleging that he was an employee of the School District and was acting within the scope of his office and duties, or in good faith reasonably believed he was acting within the scope of his office and duties at the time of the January 18, 1985, accident. Zarger's new matter also included a claim for indemnity and contribution against the School District.

On October 15, 1988, Zarger filed a motion for partial summary judgment arguing that no genuine issues of material fact existed as to his employment status and that he was entitled to a determination as a matter of law. Zarger argued that he was entitled to contribution and indemnity against the School District. Because the trial was scheduled for October 11, 1988, Zarger's partial motion for summary judgment was not considered. A jury trial commenced on October 11, 1988, and was concluded on October 12, 1988, following the declaration of a mistrial. The trial court granted Zarger's request to reconsider his motion for summary judgment. After oral argument the trial court entered partial summary judgment against the School District on January 5, 1989, and on January 19, 1989, the School District and McIntyre filed this appeal.

The School District and McIntyre advance the following arguments: that the trial court erred in issuing judgment

on Zarger's claim for contribution and indemnity because no judgment had been entered against Zarger or the School District; that genuine issues of material fact exist as to the employment status of Zarger; and, that genuine issues of material fact exist as to whether Zarger in good faith reasonably believed his actions were within the scope of his office and duties as an employee of the School District.

In reviewing a grant of summary judgment, our scope of review is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Farley v. Township of Upper Darby*, 100 Pa.Commonwealth Ct. 535, 514 A.2d 1023 (1986).

In Zarger's "Amended New Matter On Behalf of Richard J. Zarger," Zarger stated as "New Matter Pursuant to Pa.R.C.P. No. 2252" that: "In the event that it is established that Richard J. Zarger was negligent as set forth in Paragraph 23 of the plaintiff's Complaint, defendant Richard J. Zarger hereby claims indemnification and/or contribution from defendant Corry Area School District by virtue of 42 Pa.C.S.A. 8548." (Reproduced Record at 39a–40a.) In his "Motion for Partial Summary Judgment on Behalf of Defendant Richard J. Zarger," Zarger requested indemnification by the School District pursuant to Section 8548 of the Judicial Code, 42 Pa.C.S. § 8548.

The trial court concluded that Zarger was entitled to judgment with respect to his claims for contribution and indemnity against the School District.

Section 8548(a) of the Judicial Code, 42 Pa.C.S. § 8548(a) states:

(a) *Indemnity by local agency generally.*—When an action is brought against an employee of a local agency for damages on account of any injury to a person or property, and he has given timely prior written notice to the local agency, and *it is judicially determined that an act of the employee caused the injury* and such act was, or that employee in good faith reasonably believed that such act was, within the scope of his office or duties, the

local agency shall indemnify the employee for the *payment of any judgment on the suit.* (Emphasis added.)

This controversy is before us because the trial court granted Zarger's motion for summary judgment after declaring a mistrial. A jury trial is scheduled and there has been no judicial determination that Zarger's actions caused the injuries to Decedent. The duty to indemnify under Section 8548 of the Judicial Code arises once there is a judgment determining that an act of the employee caused the injury. There has been no such judicial determination here.

Further, a motion for summary judgment can be granted only if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b). *Ellis v. Southeastern Pennsylvania Transportation Authority,* 116 Pa.Commonwealth Ct. 299, 541 A.2d 843 (1988).

The trial court concluded:

[I]t appearing that there are no genuine issues of material fact, that defendant Richard J. Zarger was, at the time of the January 18, 1985 motor vehicle accident, an employee of defendant Corry Area School District, and in good faith reasonably believed he was acting within the scope of his office and duties as an employee of defendant Corry Area School District, and that defendant Richard J. Zarger is entitled to judgment as a matter of law with respect to his claims for contribution and indemnity against defendant Corry Area School District....

Trial court's opinion, January 25, 1989, at 1.

■ Zarger's motion for partial summary judgment was based upon the allegation that he was an "employee" of the School District as defined in Section 8501 of the Judicial Code, 42 Pa.C.S. § 8501.[1] The School District argues that

---

1. Section 8501 of the Judicial Code defines "employee" as:

   Any person who is acting or who has acted on behalf of a government unit whether on a permanent or temporary basis, whether compensated or not, and whether within or without the territorial boundaries of the government unit, including any volunteer fire-

Zarger is not a person described in Section 8501 who was acting on behalf of the School District, because he falls into the category of "independent contractor" over whom the School District "has no legal right of control." [2] In *Schuylkill County v. Maurer*, 113 Pa.Commonwealth Ct. 54, 536 A.2d 479 (1988) this Court held that when determining whether a person is an independent contractor or an employee, the proper guide to be utilized is that stated in *Hammermill Paper Co. v. Rust Engineering Co.*, 430 Pa. 365, 243 A.2d 389 (1968). The *Schuylkill County* Court noted that none of the *Hammermill* factors standing alone is dispositive of one's status, and that "each case must be determined according to its own facts." *Schuylkill County*, 113 Pa.Commonwealth Ct. at 61, 536 A.2d at 483. Our Supreme Court stated in *Hammermill:*

> While no hard and fast rule exists to determine whether a particular relationship is that of employer-employee or owner-independent contractor, certain guidelines have been established and certain factors are required to be taken into consideration:
>
> 'Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job;

man or any elected or appointed officer, member of a governing body, or other person designated to act for the governing unit. Independent contractors under contract to the government unit and their employees and agents and persons performing tasks over which the government unit has no legal right of control are not employees of the government unit.

2. The School District raises several issues involving Zarger's relationship with the School District: that the School District had no control over the manner in which Zarger performed; that Zarger was not responsible for the result of the swim team's performance; that there was no agreement between Zarger and the School District; that Zarger was used by McIntyre for his special diving skill only; and that Zarger was employed in a distinct occupation at the Corry YMCA and as an industrial engineer at McInnis Steel. The question of whether Zarger was compensated by the School District and/or McIntyre, and if so, how Zarger was compensated, is also factually disputed.

whether work is part of the regular business of the employer, and also the right to terminate the employment at any time.' (Citations omitted.)

*Hammermill,* 430 Pa. at 370, 243 A.2d at 392.

The trial court simply concluded that no genuine issues of material fact existed as to whether Zarger was an employee at the time of the accident or that he in good faith reasonably believed he was acting within the scope of his office as an employee. An evaluation of the record in light of the *Hammermill* guidelines, when taken in the light most favorable to the School District, reveals that genuine issues of material fact exist.

■ Finally, this court has held that questions of proximate causation, except in those cases where facts are undisputed and the remoteness of causal connection between the defendant's negligence and the plaintiff's injury clearly appears from the facts, are for the jury. *Reber v. Pennsylvania Liquor Control Board,* 101 Pa.Commonwealth Ct. 397, 516 A.2d 440, (1986) *allocatur granted,* 515 Pa. 590, 527 A.2d 548 (1987) citing *Vattimo v. Lower Bucks Hospital, Inc.,* 59 Pa.Commonwealth Ct. 1, 428 A.2d 765 (1981) *aff'd in part, rev'd in part,* 502 Pa. 241, 465 A.2d 1231 (1983). In *Reber,* Richard Allen Reber, a minor brought a civil action against the Pennsylvania Liquor Control Board (LCB) based upon a sale to Mr. Geaneotes, also a minor, who was later involved in a motorcycle accident. The LCB filed a motion for summary judgment claiming that, even if the allegations were true, no cause of action existed. The trial court granted summary judgment. On appeal, this Court held that the LCB was not a "licensee" as set forth in Section 497 of the Liquor Code [3] which shields licensees from civil liability resulting from the sale of liquor to customers who are not visibly intoxicated; that the LCB had breached its statutory duty not to furnish liquor to minors either directly or through intermediaries; and, that the question of whether the LCB's breach was the

3. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–497.

proximate cause of the motorcyclist's injuries was for the jury. This Court concluded the trial court's grant of the LCB's motion for summary judgment was improper because "[a]lthough the facts may be undisputed for the purpose of the motion for summary judgment, the remoteness which the LCB claims to exist between the sale of liquor to Mr. Geaneotes and the injury Mr. Reber sustained does not clearly appear from the facts." *Reber,* 101 Pa.Commonwealth Ct. at 407, 516 A.2d at 445. This Court remanded the case for a trial on the merits of the minor's negligence claim.

In the matter *sub judice,* the trial court granted Zarger's claim for indemnity and/or contribution without first deciding whether Zarger had a duty to the Decedent; whether Zarger breached that duty; and whether Zarger's actions were the proximate cause of the Decedent's injuries. *Reber.* The trial court erred by granting Zarger's motion for partial summary judgment regarding the status of Zarger's relationship to the School District because questions of fact regarding Zarger's liability remain unresolved. Until it is judicially determined whether the act of Zarger caused the Decedent's injury, Zarger's claim for indemnity and/or contribution is premature. Section 8548(a) of the Judicial Code. And, the question of proximate cause must be left to the jury. *Reber; Ford v. Jeffries,* 474 Pa. 588, 379 A.2d 111 (1977).

Accordingly, we reverse and remand.

### ORDER

AND NOW, this 21st day of November, 1989, the order of the Court of Common Pleas of Erie County, Pennsylvania, dated January 25, 1989, at No. 715–A–1986, is hereby reversed and the matter remanded for further proceedings in accordance with this opinion. Jurisdiction relinquished.