## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-00047-SCT

*JOHN DELAHOUSSAYE*

*v.*

*MARY MAHONEY'S, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/25/1998 |
| TRIAL JUDGE: | HON. JAMES W. BACKSTROM |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DAVID C. FRAZIER |
| | W. HARVEY BARTON |
| | SKIP EDWARD LYNCH |
| ATTORNEYS FOR APPELLEE: | MICHAEL F. CAVANAUGH |
| | PATTI C. GOLDEN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 02/22/2001 |
| MOTION FOR REHEARING FILED: | 3/21/2001; denied 5/10/2001 |
| MANDATE ISSUED: | 5/17/2001 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. John Delahoussaye filed suit against Mary Mahoney's, Inc., a restaurant in Biloxi, Mississippi, alleging that it was responsible for injuries he sustained in an automobile accident. Specifically, Delahoussaye claimed that Mary Mahoney's illegally and in violation of Miss. Code Ann. § 67-3-53 (Supp. 2000), served alcoholic beverages to Ronald Martin, the minor driver who caused the accident. Following a trial in the Jackson County Circuit Court, the jury returned a verdict in favor of Mary Mahoney's, and judgment was entered accordingly. Delahoussaye raises the following issues on appeal:

> **I. WHETHER THE TRIAL COURT ERRED IN INSTRUCTING THE JURY THAT IT COULD FIND LIABILITY UNDER MISS. CODE ANN. § 67-3-53 ONLY IF IT FOUND THAT MARY MAHONEY'S SOLD ALCOHOL DIRECTLY TO RONALD MARTIN.**

> **II. WHETHER THE TRIAL COURT ERRED IN EXCLUDING TESTIMONY THAT OTHER MINORS HAD PURCHASED ALCOHOLIC BEVERAGES AT MARY MAHONEY'S IN MARCH OF 1990, APPRXOIMATELY ONE YEAR AFTER THE ACCIDENT.**

### STATEMENT OF THE FACTS

¶2. On the evening of March 18, 1989, John Delahoussaye, a resident of Gautier, took his newly purchased Volkswagen for a test drive around the City of Biloxi. As Delahoussaye returned home, heading eastbound on U.S. Highway 90, his car ran out of gas on the Biloxi/Ocean Springs bridge. Delahoussaye drove his car to the far right of the roadway where he got out and walked towards the bridge tender to telephone for assistance. As he walked, another motorist arrived and offered to push Delahoussaye's vehicle off the road. Delahoussaye agreed and inspected both cars to ensure that the "bumpers matched up." Delahoussaye concluded that the bumpers were of equal height and began to get into his car. However, before he was able to do so, a third vehicle driven by minor Ronald Martin struck the second vehicle from behind. The second vehicle struck Delahoussaye's vehicle, and, as a result, Delahoussaye suffered severe injuries.

¶3. On December 19, 1989, Delahoussaye brought suit against Mary Mahoney's, Inc., in the Jackson County Circuit Court. Delahoussaye claimed that Mary Mahoney's had illegally served alcohol to Ronald Martin, a minor, in violation of Miss. Code Ann. § 67-3-53(b) (Supp. 2000). At that trial, Martin and Tracy Collins, Martin's girlfriend and also a minor at the time of the accident, testified that Martin's intoxication was caused exclusively from drinking beer that was purchased at Mary Mahoney's during the St. Patrick's Day celebration held at that establishment. Scott Hammonds, a friend of Martin's, testified that Martin had been drinking beer from an ice chest in his truck and that Martin had smoked marijuana that same evening during the celebration. The jury returned a verdict in favor of Delahoussaye in the amount of $358,000. Subsequently, two witnesses came forward to claim that Martin had tossed an ice chest and beer over the bridge immediately after the accident. Martin ultimately pled guilty to perjury, admitting that he had not purchased any beer at Mary Mahoney's on the evening of the accident and that he had consumed beer stored in an ice chest in the back of his truck.

¶4. On February 18, 1992, the trial court granted Mary Mahoney's motion for a new trial. The trial court granted summary judgment in favor of Mary Mahoney's on December 14, 1994. The Court of Appeals affirmed, finding that there were no material facts in dispute and no evidence to support a claim that Mary Mahoney's sold or otherwise furnished beer to Martin. This Court reversed, *see **Delahoussaye v. Mary Mahoney's, Inc.**, 696 So. 2d 689, 690 (Miss. 1997), finding a genuine issue of material fact existed as to whether Mary Mahoney's illegally sold alcohol to Martin.

¶5. A new trial was held in November of 1998. Tracy Collins testified that she purchased alcohol from Mary Mahoney's that evening. She claims to have given a beer to Martin. Martin testified that he did not purchase any beer at Mary Mahoney's on the evening of the accident, and that he could not recall whether he had been given a beer that was purchased at Mary Mahoney's. The jury returned a verdict in favor of Mary Mahoney's, and judgment was entered accordingly. Delahoussaye appeals from that judgment.

## DISCUSSION

### I. WHETHER THE TRIAL COURT ERRED IN INSTRUCTING THE JURY THAT IT COULD FIND LIABILITY UNDER MISS. CODE ANN. § 67-3-53 ONLY IF IT FOUND THAT MARY MAHONEY'S SOLD ALCOHOL DIRECTLY TO RONALD MARTIN.

¶6. This Court reviews the grant or denial of jury instructions with deference to the trial court which has discretion over the form and substance of jury instructions. If the instructions given, when read as a whole, fairly announce the law of the case and create no injustice, then this Court will not reverse a trial court's

decision concerning jury instructions. *Fielder v. Magnolia Beverage Co.*, 757 So. 2d 925, 929 (Miss. 1999); *Splain v. Hines*, 609 So. 2d 1234, 1239 (Miss. 1992).

¶7. Delahoussaye argues that over his objection the trial court improperly granted Instruction P-10 as modified by the trial court to read:

> The Court instructs the jury that the consumption of intoxicating liquor does not in and of itself constitute negligence by the driver of the vehicle. However, a person consuming intoxicating liquor is required to use the same degree of care of that required of a sober person. If you find from a preponderance of the evidence in this case, if any, that the Defendant, MARY MAHONEY'S, INC., was negligent be selling beer to *Ronald Martin,* a minor, under the age of 21and that as a result of the consumption of the intoxicating liquor by that minor said minor driver was negligent in the operation of his automobile which caused or proximately contributed to cause the accident on March 18, 1989, whereby the Plaintiff was injured, and if you further find from a preponderance of the evidence in this case, if any, that the negligence of MARY MAHONEY'S, INC., in selling intoxicating liquors to *Ronald Martin,* a minor under the age of 21, either proximately caused or proximately contributed to cause the accident between said minor driver and the Plaintiff herein, then your verdict shall be for the Plaintiff against the Defendant, MARY MAHONEY'S, INC.

(emphasis added to show modifications). The trial court modified the instruction by inserting "Ronald Martin" before the phrase "a minor under the age of 21." Originally, the instruction provided that the jury could find Mary Mahoney's negligent by selling beer "to a minor under the age of 21."

¶8. Delahoussaye further argues that the trial court erred in refusing proposed jury instruction P-18, which provides:

> Should you find from the evidence that Mary Mahoney's, Inc., sold beer to a person under the age of twenty-one (21) and that beer was provided to Ronald Martin then Mary Mahoney's, Inc. is guilty of negligence.

¶9. Delahoussaye contends that the instructions, when read as whole, do not fairly announce the law in Mississippi regarding liability under our liquor control statute. The crux of Delahoussaye's argument is that the trial court effectively denied him a cause of action by refusing to instruct the jury that Mary Mahoney's could be liable if it furnished alcohol to Tracy Collins, a minor, who could have foreseeably given that alcohol to Martin. Martin denied having purchased the alcohol himself, so Delahoussaye's theory rested on Collins's testimony that she purchased alcohol, one beer, from Mary Mahoney's and furnished it to Martin. The instruction, as amended, does not give the jury the opportunity to consider Delahoussaye's theory.

¶10. We agree with Delahoussaye that the jury instructions, when read as a whole, do not fairly announce the law of Mississippi, and we reverse the judgment of the trial court because we find that the jury was never adequately instructed on the necessary elements in this case.

¶11. In *Munford, Inc. v. Peterson*, 368 So. 2d 213, 217 (Miss. 1979), this Court held that a violation of the statute prohibiting the sale of alcohol to minors constituted negligence per se and that, if such negligence proximately caused or contributed to the injury or death of the plaintiff, the defendant could be held liable. There is no requirement that the intoxicated and negligent driver actually have purchased the alcohol. *Munford* was a wrongful death action brought by the beneficiaries of Scott Peterson, a minor, who was

killed in an automobile accident after another minor friend, Blankenship, lost control of the vehicle in which they were riding. Blankenship was intoxicated at the time of the accident as a result of consuming beer sold by Munford's employees, as well as alcohol from another source. Five boys, ages thirteen to fifteen, "pooled" their money to purchase beer from a convenience store owned and operated by Munford, Inc., on three separate occasions. Although the published opinion does not indicate which of the minor boys actually bought the beer, an independent review of the record reveals that Blankenship purchased a six-pack of beer on one occasion, and another boy (neither Blankenship nor Peterson) purchased the beer on the other two occasions. This Court, therefore, has implicitly held that negligence per se can result from the sale of alcohol to a minor who later shares that alcohol with another minor.

¶12. Nevertheless, a finding of negligence per se is only the first step in the equation, and does not, in and of itself, establish liability on the part of the defendant. Negligence per se supplies only the duty and the breach of a duty elements of a tort. The plaintiff must also prove by preponderance of the evidence that the breach of the duty owed proximately caused the injury or damages sustained. *Munford*, 368 So. 2d at 217; 57A Am. Jur. *Negligence* § 727 (1989).

¶13. Proximate cause of an injury is that cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury and without which the result would not have occurred. *Grisham v. John Q. Long V.F.W. Post*, 519 So. 2d 413, 417 (Miss. 1988). Foreseeability is an essential element of both duty and causation. *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 174 (Miss. 1999). In order to establish liability by proving negligence on the part of Mary Mahoney's, Delahoussaye must prove, in addition to negligence per se (that Mary Mahoney's violated the statute by selling alcohol to a minor), that it was foreseeable that Tracy Collins, the minor who bought the alcohol from Mary Mahoney's, would share the alcohol with another minor who would negligently cause injury to Delahoussaye. *See Kvlani v. Village of Watson*, 139 N.W.2d 275, 277 (Minn. 1965); *Reber v. Commonwealth*, 516 A.2d 440 (Pa. Commw. Ct. 1986).

¶14. Neither instruction P-10 as given nor proposed instruction P-18 contains a correct statement of the law of this case. Instruction P-10 is flawed for two reasons. First, the trial court's modification was inconsistent with the proof offered at trial. Since Martin testified that he did not purchase any alcohol from Mary Mahoney's, the instruction was, in essence, a directed verdict for Mary Mahoney's. This is because the jury instruction excluded the possibility that liability could ensue from a finding that Mary Mahoney's sold beer to a minor who foreseeably shared the alcohol with another minor, Martin, who proximately caused injury through negligence. Second, even without the modification, the instruction refers to the minor who was sold the alcohol as the minor driver, disallowing a finding of liability by Mary Mahoney's for the same reason.

¶15. Proposed jury instruction P-18 is likewise an incomplete instruction on the law, as it fails to include the essential elements of foreseeability and proximate causation and instead would have allowed the jury to impose liability simply for violation of the statute. The instruction is also deficiently abstract because it fails to incorporate the facts of the instant case. Given these deficiencies, the trial court did not err in refusing instruction P-18.

¶16. Because the jury was not properly instructed as to the elements of the cause of action in this case, we remand for a new trial of this matter. We specifically find that the jury should be instructed that it may find negligence per se if it finds that Mary Mahoney's sold alcohol to a minor in violation of Miss. Code Ann.

§ 67-3-53. If the jury finds negligence per se, it may hold Mary Mahoney's liable only if it concludes that it was foreseeable that the minor to whom the alcohol was sold (Tracy Collins) would share that alcohol with other minors. It is not necessary that Mary Mahoney's should have foreseen the actual injury that happened, but it must be proved that Mary Mahoney's could have foreseen that its conduct could cause some injury. *M & M Pipe & Pressure Vessel Fabricators, Inc. v. Roberts*, 531 So. 2d 615, 618 (Miss. 1988). If it was foreseeable that some injury would result, then liability will be established if in fact the negligent action of Mary Mahoney's proximately caused or contributed to the injury sustained by Delahoussaye. *Munford*, 368 So. 2d at 217. It is required that the intoxication be a contributing cause to the accident, but that does not have to be the sole proximate cause of the accident. *Id.* at 218. (Martin's testimony indicated that he had been smoking marijuana and had been drinking beer that was not purchased at Mary Mahoney's.)

¶17. Since no jury instruction set out these elements clearly, we hold that the jury instructions, even read as a whole, were inadequate. Injustice would result in allowing the verdict to stand; therefore, we reverse for a new trial before a properly instructed jury.

### II. WHETHER THE TRIAL COURT ERRED IN EXCLUDING TESTIMONY THAT OTHER MINORS HAD PURCHASED ALCOHOLIC BEVERAGES AT MARY MAHONEY'S IN MARCH OF 1990, APPROXIMATELY ONE YEAR AFTER THE ACCIDENT.

¶18. A trial judge has wide discretion in ruling on the admissibility of testimony offered at trial, and this Court will not reverse that decision unless prejudice amounting to reversible error resulted. *Alexander v. State*, 610 So. 2d 320, 329 (Miss. 1992).

¶19. Delahoussaye proffered testimony by Tracy Collins (Lamey) and Maridee Bond that the year after the incident in question, at a St. Patrick's Day celebration in 1990, they had purchased alcohol at Mary Mahoney's while they were minors.[1] Delahoussaye argues that the trial court erred in excluding this testimony, contending that it is admissible under M.R.E. 404(b) as evidence of Mary Mahoney's opportunity, intent, knowledge, identity, or absence of mistake or accident. Moreover, Delahoussaye argues that Mary Mahoney's opened the door to admission of this evidence through the testimony of its president, Robert Mahoney, Jr., who stated that it has always been the policy of Mary Mahoney's to check identification and refuse to serve alcohol to minors.

¶20. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. M.R.E. 404(b). If prior bad acts evidence falls within one of the exceptions listed in Rule 404(b), its prejudicial effect must still be weighed against its probative value to determine admissibility under M.R.E. 403. *Underwood v. State*, 708 So. 2d 18, 32 (Miss. 1998). Though the alleged illegal sale of alcohol occurred after the accident, in the context of admissibility of other bad acts evidence, Rule 404 makes no distinctions between prior and subsequent acts. *Fielder*, 757 So. 2d at 930 (collecting citations).

¶21. We can conceive of no purpose for the proffered testimony other than to show that Mary Mahoney's has a propensity to sell alcohol to minors. The trial judge also properly excluded the testimony under Rule 403, as the probative value would have been greatly outweighed by the prejudicial value, thus creating an improper basis for the jury determination in this case.

¶22. Delahoussaye's argument that Mary Mahoney's opened the door for introduction of this testimony by testifying that it was the policy of Mary Mahoney's not to serve alcohol to minors is also without merit, since any prejudice to Delahoussaye was effectively cured on cross-examination. Robert Mahoney, Jr., admitted on cross-examination that minors may have purchased alcohol on the day in question. Therefore, there was no prejudice to Delahoussaye, and we conclude that the trial court did not err in excluding the proffered testimony.

## CONCLUSION

¶23. We reverse the judgment of the Circuit Court of Jackson County and remand for a new trial consistent with this opinion.

¶24. **REVERSED AND REMANDED.**

**PITTMAN, C.J., BANKS, P.J. AND EASLEY, J., CONCUR. McRAE, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY WALLER, J. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MILLS, COBB AND DIAZ, JJ.**

**McRAE, PRESIDING JUSTICE, SPECIALLY CONCURRING**:

¶25. I hesitantly concur with the majority to reverse because the circuit court did err in failing to instruct the jury correctly on the theory of the plaintiff's case, and by inserting into instruction P-10 a requirement that the beer had to be sold directly to the minor, Ronald Martin, rather than to his companion, Tracy Collins, who was also a minor. This is contrary to ***Munford, Inc. v. Peterson***, 368 So.2d 213, 219 (Miss. 1979), in which we held that selling alcohol to minors was a violation of the statute, regardless of whether the particular minor who drove the car purchased it. In ***Munford,*** we held that when alcohol is sold to a minor, and there are other minors present, then it is foreseeable that the others would drink it as well. I am hesitant to join the majority based on the facts of this case because I do not think that a jury will render a verdict against Mary Mahoney's, Inc. However, because the errors were greater than harmless error, I am compelled to vote to reverse.

¶26. I write further to point out that in 1998 when it enacted the Zero Tolerance for Minors law, Miss. Code Ann. § 63-11-30(1)(c) (Supp. 2000), the Legislature declared that a minor under the age of 21 is legally intoxicated at 0.02 % blood alcohol concentration (BAC). Last year a majority of this Court held § 63-11-30(1)(c) to be constitutional in *__Mason v. State__*, No. 1999-KA-01163-SCT, 2000 WL 1594239 (Miss. Oct. 26, 2000) this 0.02% BAC standard simply means that a minor who has consumed only a beer or less is legally intoxicated. Therefore, the burden of proving in a "dram shop" case when a minor is intoxicated has been drastically reduced to a near zero tolerance at 0.02% BAC.

¶27. This statute was passed several years after the incident here; and therefore it will not affect the outcome of the instant case. However, future "dram shop" cases may hold restaurants and convenience stores to be negligent per se when a minor has a BAC of at least 0.02%, which can be achieved by consuming only one beer or less. This "zero tolerance" standard may serve to expose restaurants and convenience stores to civil liability whenever a person under 21 years of age is present and consumes any amount of alcohol.

**WALLER, J., JOINS IN PART.**

**SMITH, JUSTICE, DISSENTING:**

¶28. The issue the plaintiff now argues and upon which the majority agrees is not what this Court, in considering the former case upon writ of certiorari, stated as the reason for reversal of the Court of Appeals and the trial court's grant of summary judgment. *Delahoussaye v. Mary Mahoney's Inc.*, 696 So. 2d 689, 690 (Miss. 1997). There, the Court reversed, finding a genuine issue of material fact existed as to **whether Mary Mahoney's illegally sold alcohol to Martin**. (emphasis added). If anyone seems to have been confused concerning this issue it appears to be this Court. Here, upon re-trial the trial judge clearly relied upon this Court's pronouncement in *Delahoussaye I* that "Martin too might have purchased beer at the restaurant," thus the Court reversed for the jury to consider this alleged disputed fact. In my view, Delahoussaye clearly was allowed to argue his theory in spite of the supposed improper Instruction P-10. I dissented in *Delahoussaye I*, and once more I am compelled to dissent.

¶29. It is not surprising that the jury's verdict was in favor of Mary Mahoney's, considering that the factual testimony here is overwhelmingly in favor of the defendant. The plaintiff's case primarily depends upon Martin's testimony. Martin's testimony clearly is what sinks the plaintiff's case. In the first 1992 trial Martin and his girlfriend testified that Martin's intoxication was the exclusive result of drinking beer at Mary Mahoney's and resulted in the ultimate intoxication and Delahoussaye's injuries sustained when his vehicle was struck from behind by Martin. Collins, the girlfriend, only testified that she observed Martin holding a cup similar to a Mary Mahoney's beer cup. However, Mary Mahoney's produced a witness, Scott Hammonds who was with Martin and who testified that in fact Martin had not purchased beer from Mary Mahoney's but, instead, was drinking beer from an ice chest in his truck and had smoked marijuana shortly before the accident. Shortly after the first trial, two more witnesses came forward and confirmed that they observed Martin and a friend destroying evidence by throwing beer over the side of the bridge after the accident. Whereupon Martin became concerned about his prior false testimony, was indicted and convicted of perjury and ultimately admitted at his plea hearing that he had purchased the beer himself but, did not purchase it at Mary Mahoney's. Summary judgment was thus granted, affirmed by the Court of Appeals, but reversed by this Court.

¶30. At trial this time Martin testified that he in fact lied at the first trial. He stated that he did not purchase beer from Mary Mahoney's and no one else purchased beer for him there. He admitted smoking marijuana and drinking beer shortly before the accident and ultimately throwing beer over the bridge after the accident occurred. Mr. Inabinette, who executed the affidavit submitted to this Court in order to create a supposed jury issue was not even called by the plaintiff as a witness. Nor was any proof offered by Delahoussaye as to proximate cause or contributing factor other than the ultimate conviction of Martin for DUI.

¶31. The majority claims the court erred in allowing Jury Instruction P-10. I disagree due to the strong overwhelming facts supporting the jury verdict in favor of Mary Mahoney's. Considering the jury instructions as a whole, I believe that no injustice occurred. This Court has stated, "Defects in specific jury instructions do not require reversal where all instructions taken as a whole fairly, although not perfectly, announce applicable primary rules of law." The Court further held that, "Finding that the jury properly considered the evidence before it in arriving at its decision, and that *instructions given on the issue of negligence per se were harmless error*, and not confusing; and that those instructions did fairly and accurately instruct the jury, we affirm the decision of the lower court." *Snapp v. Harrison*, 699 So. 2d 567, 568 ( Miss. 1997). (emphasis added). Here, as in *Snapp*, the plaintiff was still able to argue to the

jury that there was a reasonable inference if Tracey Collins purchased beer then Ronald Martin also could have purchased beer. The jury was fairly instructed, both parties were able to argue their respective theories, but based on the overwhelming evidence favoring the defendant the jury's verdict in favor of Mary Mahoney's should not be reversed. This is simply one of those cases wherein the facts support a defense verdict and regardless of majority's reversal, upon retrial, will again result in a verdict for Mary Mahoney's.

¶32. I respectfully dissent.

**MILLS, COBB AND DIAZ, JJ., JOIN THIS OPINION.**

1. Delahoussaye claims in his brief that the testimony came from Nicole Shelton, as opposed to Maridee Bond. Contrary to this assertion, Nicole Shelton actually testified that she was unable to recall whether she had purchased alcohol at that time.